STANLEY and others *v.* MATHER and others.

(*Circuit Court, N. D. Illinois.* July 30, 1887.)

MORTGAGE—RIGHT OF HEIRS TO FORECLOSE—ESTATE OF DECEDENTS.

An administrator having paid all debts and expenses of administration, and distributed the surplus to the heirs designated as the only persons entitled, under the order of the court, after approval of the distribution, and without further direction of the court, handed over to such heirs certain mortgage notes, which, being deemed of little value, had not been brought to the attention of the probate court. The distribution was approved by the court, but it did not appear that the administrator was ever discharged. *Held,* in a suit to foreclose the mortgages by the heirs, that a demurrer to the complaint could not be sustained on the ground that, the notes being part of the personal estate, and never delivered to the heirs by the administrator, under the direction of the probate court, suit to foreclose the mortgages could only be brought by the personal representatives of the mortgagee, but the heirs, being the equitable owners, could sue.

*Isham, Lincoln & Beale,* for complainants.
*Roberts, Hutchinson & Thomas,* for defendants.

GRESHAM, J.　This is a suit brought to foreclose three mortgages executed by Thomas S. Mather on real estate in Chicago, to secure the payment of notes given by him to John Stanley, on which there is now due $15,000.　The mortgagee was a citizen of Hartford county, Connecticut, where he died in 1871, leaving the three complainants his only children and heirs.　The mortgagor owned only an undivided one-sixth of the premises.　Letters of administration were granted to Levi O. Smith and Levi Wells by the court having probate jurisdiction at the domicile of the mortgagee; and they proceeded to administer upon the personal estate of the decedent, under· the direction of the court.　They paid the costs of administration, and all claims against the estate, except a small debt which was secured by a mortgage executed by the decedent, in his life-time, upon part of his real estate.　This debt was small, compared with the value of the property mortgaged to secure its payment, and one of the complainants, under an arrangement between him and his two co-complainants, paid this debt.　After paying all the other debts and expenses of administration, a large surplus, exclusive of the notes and mortgages in suit, remained in the hands of the administrators, which, by order of the court, they distributed among the complainants as the only persons entitled to it.　The distribution was reported to the court, and approved; but it does not appear that the administrators were formally and finally discharged.　The notes and mortgages in suit were not brought to the attention of the probate court, for the reason that the notes were deemed to be of little or no value; and after the distribution, and without further direction from the court, the administrators delivered to the complainants these notes and the mortgages.

These facts are all admitted by the demurrer to the bill; and the sole question is, can the complainants maintain this suit to foreclose the mortgages?　It is urged by the defendants that the notes are part of the personal estate; that they were never delivered to the complainants by the administrators, under the direction of the probate court; and that only the personal representatives can sue to foreclose the mortgages.　An administrator takes the personal estate of the decedent, in trust, first, for creditors, and, next, for the heirs.　He is a mere trustee, with no beneficial interest in the property upon which he is appointed to administer.　After all debts and expenses of administration are paid, any surplus remaining in his hands goes to the heirs.　It is admitted in this case that all creditors, and all expenses of administration have been paid, and that the complainants are the sole heirs and distributees.　In fact, it was judicially determined by the probate court in Connecticut that the three complainants were the sole children and heirs of the decedent.　The only thing that a personal representative could now do would be to obtain an order from the probate court to deliver the notes and mortgages to the complainants, or collect the notes, and pay over the money.　The law will not require the heirs, who are the equitable owners of the notes and mortgage, to deliver them to Hoyt, the remaining administrator, if he is still such, and, if he is not, to go to the trouble and expense of having another personal representative appointed in order that a suit of

foreclosure may be maintained. It does not follow because the administrator is the proper party to collect the debts due a decedent, and pay creditors, and for that purpose bring suits, that under no circumstances can the heirs at law maintain a suit to collect a debt which has not been collected by the personal representative. Having paid all creditors, and all expenses of administration, the administrators delivered the notes and mortgages to the complainants, the only persons entitled to them in equity; and there is no reason why their possession should now be disturbed.

The demurrer is overruled.