# Richmond.

## LACKLAND v. DAVENPORT.

### MARCH 15th, 1888.

CONSTRUCTION OF STATUTES—*Trustees to give security.*—Chapter 420, Acts 1885-6, p. 478, requiring trustees, &c. to whom property is conveyed, to give bond for the faithful performance of their duties, on motion upon ten days' notice by the beneficiaries, applies as well to trust deeds executed before as after its passage—the said statute being remedial.

Error to judgment of circuit court of Botetourt county, rendered May 27th, 1887, affirming the judgment of county court of said county, rendered December 14th, 1886, upon the motion of Davenport & Morris and others, whereby the appellants were removed as trustees in a deed of trust executed to them and Walter N. Johnston, since deceased, by Newton Switzer, dated July 22d, 1879, and duly recorded in the clerk's office of Botetourt county court, and whereby W. A. Glasgow, Jr., was substituted as sole trustee in their stead. The defendants brought this case here on writ of error and *supersedeas.*

*G. W. & L. C. Hansbrough,* for the plaintiffs in error.

*Glasgow & Glasgow* and *Coke & Pickerell,* for the defendants in error.

FAUNTLEROY, J., delivered the opinion of the court.

This motion was made upon notice under the act of the

general assembly approved March 6th, 1886, (Acts of 1885–6, page 478, chapter 420) which said act is entitled an act to require assignees or trustees to give bonds in certain cases, and is as follows: " That every trustee or assignee to whom property exceeding two hundred dollars in value is conveyed or assigned in trust for the benefit of creditors, sureties, or other persons, shall, if required by any of said beneficiaries, in writing, before or after entering upon the discharge of his duty as trustee or assignee, give bond with one or more good and sufficient sureties, in amount equal to the value of the property mentioned in the deed or assignment, payable to the State of Virginia, conditioned for the faithful performance of all duties imposed on him by law, and the terms of the deed or assignment, &c. If any trustee or assignee fail to give bond with security, as required by the preceding section, the county court, or the judge thereof in vacation, of the county wherein such property lies, shall, on application of any person interested, by motion after five days notice, remove said trustee or assignee, and appoint some other person trustee or receiver, who, upon executing the afore-mentioned bond, may execute the trust." The construction of this act is the question involved in this controversy.

The plaintiffs in error contend that as the passage of the said act, to-wit, March 6th, 1886, was long subsequent to the date of the deed of trust, July 22d, 1879, it should have been construed as only prospective, and as embracing only the cases of trustees to whom property might be conveyed after the passage of the said act. The constitutional power of the legislature to make such a law retro-active, if they intended so to do, is not and cannot be denied or questioned; and the only inquiry in this case is, whether the legislature intended that the act of March 6th, 1886, under which these trustees, appellants, were removed, should apply to deeds of trust *prior* as well as *subsequent* to the date of the passage of the said act.

"In the exposition of a statute, the leading clue to the con-

struction to be made is the. intention of the legislature, and that may be discovered from different signs. As a primary rule, it is to be collected from the words; when the words are not explicit, it is gathered from the occasion and necessity of the law, being the causes which moved the legislature to enact it." Potter's Dwarris, 693, cited with approval in *Fox's Adm'r* v. *Commonwealth*, 16 Gratt., 9.

We think that the intention of the legislature is manifest in the words of the act, to pass a general law applicable equally to all existing and future deeds of trust; and if the intention had been to make the act applicable only to deeds of trust made after the passage of the act, it would have used some words, such as "hereafter to be conveyed," to control the general and all-embracing terms of the act, and to defeat the otherwise unavoidable inference from its words that the legislature plainly intended the act to be a general and uniform law applicable to all deeds of trust alike. The act is merely and plainly remedial, and it does not alter or take away any vested right. It merely changes the form of the remedy, and provides, in place of the cumbrous and expensive proceeding of a chancery suit for the removal of trustees, or requiring them to give security, (which, considering the fact that the circuit court meets but twice a year, it would take at least twelve months to decide) an expeditious and inexpensive remedy in which the rights of all parties are fully protected and conserved. The abuse and evil of the old system were manifest; and, as the reason and necessity for the act show, unmistakably, that the legislature intended it to apply to all deeds of trust—those *prior* to its passage, an immense number of which must then have been in existence. The citations of authorities against construing statutes retrospectively where they disturb vested rights, do not apply to *remedial* statutes; by all the authorities remedial statutes are an exception to the rule. (*Mc Gruder* v. *Lyons*, 7 Gratt., 233; *Perry* v. *Commonwealth*, 3 Gratt., 632; *Pace* v. *Danville*, 25 Gratt., 1.)

The courts below held the notice, whereon the judgment was entered, to be sufficient, and overruled the demurrer thereto; and, in so doing, it did not err.   There is no error in the judgments complained of, and they must be affirmed.

RICHARDSON, J., dissented.

JUDGMENTS AFFIRMED.