Statement.

## Wytheville.

## WALKER V. TEMPLE.

### June 23, 1921.

1. LIMITATION OF ACTIONS—*Obligation with Power to Confess Judgment at Any Time Annexed.*—Annexed to an obligation to pay a certain sum upon a certain date was a power of attorney to a designated attorney authorizing him to confess judgment at any time after date for the amount of the obligation. The fact that power was given the attorney in fact to confess judgment before the maturity of the contract did not accelerate the running of the act of limitations. The statute of limitations therefore did not begin to run until the date of maturity. Although the defendants or their agent might confess judgment "at any time" prior to that date, the creditor could not compel them to do so.

2. POWER OF ATTORNEY—*Construction.*—While it is generally held that warrants of attorney must be strictly construed, yet language must be given its obvious meaning, no matter what rule of construction is adopted.

3. COURTS—*Definition.*—Wherever we have a plaintiff and a defendant and a cause of action, and a designated functionary to render judgment between them, we have a court. When authorized by statute to enter judgment within the limits prescribed, the functionary or tribunal so constituted becomes a court for the purpose and subject to the limitations and restrictions prescribed by the statute.

4. COURTS—*Clerk as Court—Power to Confess Judgment.*—A power of attorney authorized confession of judgment "in any court" and "at any time." As the clerk of court is expressly authorized to take confession by section 6130, Code of 1919, a confession before a clerk under this warrant is valid; and as all the clerk's proceedings in vacation are subject to the control of the court at the next term, the obligors were afforded all the protection they could have gotten from a confession in court.

Error to a judgment of the Circuit Court of Brunswick county, in an action of debt. Judgment for plaintiff. Defendant apeals.

*Reversed.*

The opinion states the case.

*B. A. Lewis,* for the plaintiff in error.

*Geo. M. Raney* and *Buford & Peterson,* for the defendant in error.

BURKS, J., delivered the opinion of the court.

This case involves the application of the statute of limitations to a contract for the payment of money. The contract is dated February 21, 1913, and the money to be paid thereunder is payable August 21, 1914. Annexed to the contract as a part thereof is a power of attorney to a designated attorney, authorizing him "to confess judgment, in any court, for us jointly and severally for the amount of this obligation and costs, with release of errors and authorize execution forthwith for the amount of said judgment. The said attorney is further authorized to confess said judgment at any time from the date hereof, whether this obligation is payable or not." On July 22, 1919, the attorney in fact confessed judgment in favor of the payee in the clerk's office of the Circuit Court of the county of Brunswick. Motion was made before the Circuit Court of Brunswick county to set aside this judgment and to quash the execution issued thereon, on the ground that the cause of action was barred when the judgment was confessed, and the right of the attorney to confess the judgment had expired, and upon the further ground that the attorney had no power to confess the judgment in the clerk's office. This motion was sustained September 30, 1919, on the ground that the confession could not be made in the clerk's office; the execution was quashed and the judgment declared void. At the time of the confession a summons was sued out of the clerk's office in the name of

the plaintiff against the defendants, dated July 22, 1919, returnable to first August rules, 1919, and service was accepted in writing by the attorney in fact.

On September 24, 1919, the plaintiff had issued from said clerk's office what is termed an alias summons against the said defendants for the same debt aforesaid, returnable to first October rules. The summons was served on one of the defendants, and the declaration was filed at the return day of the writ, and the cause was matured for hearing upon sundry pleas filed by the defendant. On November 7, 1919, the cause was heard by the court without the intervention of a jury, and judgment was rendered in favor of the plaintiff against the defendant for $570 and interest and costs. To this judgment a writ of error was awarded by one of the judges of this court.

[1] A number of interesting questions were discussed before us, but in the view we take of the case it is unnecessary to notice them. The fact that power was given the attorney in fact to confess judgment before the maturity of the contract did not accelerate the running of the act of limitations. The confession was not obligatory but voluntary. The debtors had a perfect right to confess the judgment themselves and an equal right to authorize their attorney in fact to do it for them. He was simply their agent, and not the agent of the plaintiff. Neither he nor they could be compelled to make the confession, and the plaintiff had no right to demand it. The statute did not begin to run until the plaintiff had the right to bring an action on his demand. Code, sec. 5810. This right did not accrue till August 21, 1914. Although the defendants or their agent might confess judgment on the claim of the plaintiff "at any time" prior to that date, the creditor could not compel them to do so, and not until that time arrived could he maintain his action. The promise to pay did not mature

till August 21, 1914, and the five years' bar did not operate till August 21, 1919.

[2-3] As stated, the trial court held that the confession before the clerk was void, and this action is assigned as cross-error by the defendant in error, plaintiff below. We do not wish to depart from the rule of strict construction of such powers of attorney, as laid down in *Colona* v. *Parksley,* 120 Va. 812, 92 S. E. 979, but language must be given its obvious meaning no matter what rule of construction is adopted. The power of attorney authorizes the confession to be made "in any court" and "any time" before the maturity of the debt, and it seems manifest that the parties were not using the word "court" in a strictly technical sense, but intended to authorize the confession before any tribunal or functionary authorized by law to take it, by whatever name it might be called. The word "court" was simply a convenient word to designate the tribunal or functionary before whom the confession was to be made. But it was not an inapt word to use as applied to a clerk who had the necessary power to take the confession. Wherever we have a plaintiff and a defendant and a cause of action, and a designated functionary to render judgment between them, we have a court. We have held that a clerk, in admitting a will to probate, or in granting letters of administration, is acting as a court (*McCurdy* v. *Smith,* 107 Va. 757, 60 S. E. 78), and, in construing the identical language used in the present statute, that "in receiving the confession of judgment the clerk, *pro hac vice,* performs the functions of the court—functions, which, in the absence of legislative enactments, could have been performed only by the judges or justices in session in their respective courts." (*Brown* v. *Hume,* 16 Gratt., [57 Va.], 456, 458.)

Mr. Minor defines a court as a "place where justice is judicially administered, whether in a palace or a cabin, in a blacksmith's shop or a tavern porch, under a tree, like Abraham's oak at Mamre, or in the open field, is immate-

rial;" and, in defining the constituent parts of a court, he says: "In every court there must be at least three constituent parts, the *actor*, the *reus*, and the *judex;* the *actor*, or plaintiff, who complains of any injury done; the *reus*, or defendant, who is called upon to make satisfaction for it; and the *judex*, or judicial power, which is to examine the truth of the fact, to determine the law arising upon that fact, and, if any injury appears to have been done, to ascertain and apply the remedy." 4 Minor's Inst., part I, (3d ed.) pp. 192, 195. It is none the less a court because the *judex* is only permitted to enter judgment where the *reus* confesses the facts and the legal liability flowing therefrom. When authorized by statute to enter judgment within the limits prescribed, the functionary or tribunal so constituted becomes a court for the purposes and subject to the limitations and restrictions prescribed by the statute.

[4] The clerk was given express authority to take the confession by section 3283 of Code of 1904 (sec. 6130, Code 1919), and all of his proceedings in vacation were subject to the control of the court at the next succeeding term by section 3293, Code 1904 (sec. 6140, Code 1919), so that not only was the clerk empowered to take the confession, but the defendants were afforded all the protection they could have gotten from a confession in court. We are of opinion, therefore, that the circuit court erred in setting aside the judgment confessed in the clerk's office on July 22, 1919, and for this error its order setting aside said judgment, and also the judgment in favor of the plaintiff rendered November 7, 1919, must be set aside and annulled, and this court will enter an order declaring that the judgment so confessed, as aforesaid, is a valid and subsisting judgment, that the order setting it aside be annulled, and that the judgment rendered in favor of the plaintiff on November 7, 1919, be likewise set aside and annulled.

*Reversed.*