## IN RE WHITMAN.

[No. 11,484.   Filed June 29, 1922.]

MASTER AND SERVANT.—*Workmen's Compensation Act.—Award to Widow and Children for Workman's Death.— Death of Widow.—Payment of Compensation to Children.*—Under §38 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1918) children under the age of eighteen years living with the parent at the time of his death are not conclusively presumed to be wholly dependent, where there is

a surviving dependent parent, and whether such children are wholly dependent is a question of fact for the Industrial Board, and where an award has been made, under §37 of the act, to a workman's widow and children under the age of eighteen years, the death of the widow before the expiration of the compensation period did not authorize the board to terminate all compensation, but it might require the payment of the full weekly compensation for the unexpired portion of such period to such children, subject to the termination of their dependency prior to the expiration of that period.

From the Industrial Board of Indiana.

Certified questions of law.

Proceedings under the Workmen's Compensation Act in the matter of one Lawrence Whitman. Certified questions of law by the Industrial Board. *Questions answered.*

REMY, J.—On July 15, 1918, one Lawrence Whitman, while in the employment of the Fork Ridge Mining Company, received an injury by accident arising out of and in the course of his employment resulting in his death the same day. On July 31, 1918, the widow and five minor children of Whitman entered into a compensation agreement with the mining company, which agreement stipulated the facts as to the employment, wages and death of Whitman, and that he left as his dependents such widow and children who were to receive the sum of $13.20 per week for a period of three hundred weeks, the same to be paid to the widow whose individual receipt each month would acquit the employer as to all of the dependents. Pursuant to this agreement, which on the date of its execution was approved by, and became the award of, the Industrial Board, the weekly payments were made to and including March 20, 1921, on which day the widow died. Thereafter, the employer filed with the Industrial Board its application for a review on account of changed conditions, asking that it be not required to make further payments.

Pending the employer's application for review, the Industrial Board submits to this court the following questions: 1. Would an award by the Industrial Board terminating all compensation from and after March 20, 1921 (the date of the death of the widow of Lawrence Whitman), be according to law? 2. Would an award by the Industrial Board requiring the payment for the unexpired portion of the three hundred weeks, of the full weekly compensation to the children of Lawrence Whitman named in the compensation agreement, and who had not attained the age of eighteen years on or before March 20, 1921, subject to the termination of their dependence prior to the expiration of said three hundred weeks, be according to law?

The award of the Industrial Board, made on July 31, 1918, to the widow and children of Lawrence Whitman, was in accordance with the provision of §37 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918) that: "Where death results from the injury within three hundred weeks, there shall be paid in addition to burial expenses not to exceed one hundred dollars, a weekly compensation equal to fifty-five per cent. of the deceased's average weekly wages during such remaining part of three hundred weeks as compensation shall not have been paid to the deceased for total or partial disability, to all dependents of the employee wholly dependent upon his earnings for support at the time of the injury." Section 38 of the Workmen's Compensation Act (Acts 1915 p. 392, *supra*) contains the following provisions: "The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: (a) A wife upon a husband with whom she lives at the time of his death; (c) A boy under the age of 18, or a girl under the age of 18, upon the parent with whom he or she is living at

the time of the death of such parent, there being no sur-
viving dependent parent. * * * As used in this
section, the term 'boy,' 'girl' or 'child' shall include step-
children, legally adopted children, posthumous children,
acknowledged illegitimate children, but shall not include
married children. * * * In all other cases, ques-
tions of dependency, in whole or in part, shall be deter-
mined in accordance with the fact, as the fact may be at
the time of the injury;" etc.

It is apparent, that the parties in executing the com-
pensation agreement, and the board in making the
award thereon, proceeded upon the theory that under
the above provisions of the Workmen's Compensation
Act, *supra*, which were in force at that time, the award
might be made not only to the widow, but to the children
as well, if all were in fact wholly dependent upon the
employe, who had lost his life, and that finding all wholly
dependent the award was so made. It is the contention
of the Fork Ridge Mining Company, that, within the
meaning of §38, *supra*, children of an employe who lost
his life by an accident arising out of and in the course
of his employment, where such children are living with
a surviving parent, cannot be wholly dependent, and
that the award based on the compensation agreement,
though purporting to be to the widow and children must
be held to be an award of compensation to the widow
only, and that the obligation to pay compensation for
the death of the employe terminated upon her death.

The questions raised by the employer, and which are
presented to us by the Industrial Board, are not difficult,
and will not be made to appear difficult by an extended
discussion. Section 37, *supra*, provides that where
death results from an injury within three hundred
weeks, compensation shall be paid "to all dependents of
the employe wholly dependent upon his earnings for
support at the time of the injury." Section 38, *supra*,

designates those who are "conclusively presumed" to be wholly dependent upon a deceased employe, among them being a wife who is living with her husband at the time of his death.    Children under the age of eighteen years, living with a parent, there being a surviving dependent parent, as in the case under consideration, are not, under the statute, conclusively presumed to be wholly dependent.    Whether or not such children are wholly dependent is a question of fact for the Industrial Board. It follows, that the first question submitted must be answered in the negative, and the second in the affirmative.