# 𝔚ytheville

SAM ALLEN V. MOTTLEY CONSTRUCTION COMPANY.

June 27, 1933.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*R. Dixon Powers,* for the plaintiff in error.

*Sinnott & May* and *Davis Ratcliffe,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

Sam Allen was injured on August 26, 1931. On November 6, 1931, the Industrial Commission made an award approving an agreement between the employee and employer whereby the employee should be paid $6.05 per week during disability. Final payment was made and accepted on November 10, 1931, and the employee returned to work. On February 21, 1933, the employee filed an application to review the award on the ground that he had suffered a change in condition.

Section 47 of the workmen's compensation act (Laws 1918, ch. 400), with amendment adopted by the 1932 session of the General Assembly (Laws 1932, ch. 89) in italics, reads:

"Upon its own motion before judicial determination or upon the application of any party in interest on the ground of a change in condition, the Industrial Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall immediately send to the parties a copy of the award. *No such review shall affect such award as regards any monies paid but no such review shall be made after twelve months from the date of the last payment of compensation pursuant to an award under this act.*"

Under the provision of subsection 61 (section 1887), the Industrial Commission has certified to this court for determination the following question of law:

"There are two views on the construction of the present section. The employer takes the position that the section as amended is retroactive and now bars the re-opening of the claim of Sam Allen. The employee contends that the provisions of section 47 in effect at the time of his accident places no limitation on the reopening of his claim.

"The question we wish for you to determine is whether section 47 of the workmen's compensation act as amended is retroactive?"

Chairman W. H. Nickels of the Industrial Commission, in the case of *C. C. Rowles* v. *Lynchburg Tobacco Warehouse Co., Inc., etc.,* 15 O. I. C. 66, has rendered an opinion which so completely disposes of the contention of the complainant in this case that we adopt the following extracts therefrom:

"The original section containing the wording to the italics covered the language of the act as it was enacted on March 21, 1918; the amendment thereto, as contained in the language italicized, was approved on March 3, 1932. The General Assembly for the session of 1932 adjourned officially *sine die* on March 22, 1932. In conformity to section 53 of the Constitution of Virginia, the act, as amended, became law ninety days after the day of adjournment of the session of the General Assembly, which occurred on June 21,

1932. On that date the amended section as re-enacted became law.

■ " 'The reason for postponing the operation of statutes, as is done by this section, was that the people might be informed of their contents before they became effective. The reason for making exceptions to the rule was manifest necessity.' *City of Roanoke* v. *Elliott, et al.,* 123 Va. 393, 96 S. E. 819.

"For the first time * * * a limitation has been enacted to safeguard a change in condition from the many changes transpiring and their resultant indefiniteness between the date of the last payment of compensation and the date of filing of application for a hearing. The reasons for this enactment are the same as advanced in the cases of *Bristol Door and Lumber Co.* v. *Hinkle,* 157 Va. 474, 161 S. E. 902; and *Wise Coal and Coke Co.* v. *Roberts,* 157 Va. 782, 161 S. E. 911, wherein compensation was denied during the time interlapsing between the two dates.

"The period of twelve months embodied in section 47 is the same as that provided in section 25, as a limitation upon the original claim. The one starts on the date of the last payment of compensation, the other on the date of the accident. The provisions of section 47 apply to an actual change in physical condition, presupposing a compensable injury has been sustained for which payments have been made on an award based upon a formal hearing or memorandum of agreement between the parties. The provisions of section 25 apply to the original claim for compensation for injuries by accident arising out of and in the course of the employment.

■ "* * * Section 47 applies to an actual change in physical condition.

"It is essential that some consideration be given to the meaning of a change in condition in order to determine, with some degree of clearness, the status of the facts to which the amended language is intended to be applied:

■ "*First.* Where an employee seeks compensation for

a recurrence of an injury, the changes occurring in his condition since the former hearing, on which was based the award, is all that may be shown, and it is error to show any condition existing previous to the first award. H. Schneider, 450; *Casparis Stone Co.* v. *Indus. Bd.* [278 Ill. 77] 115 N. E. 822, 15 N. C. C. A. 390-400; *B. F. Marton* v. *Bristol Coal Corp.*, 12 O. I. C. 100; *Dan. Wilcox* v. *Virginia-Lee Co.*, 12 O. I. C. 127.

*"Second.* Upon the hearing of an application to modify, all the evidence previously introduced is before the board without being reintroduced. *Indianapolis, etc., Co.* v. *Morgan* [75 Ind. App. 672] 129 N. E. 644.

*"Third.* An application to modify on account of a change in condition cannot avail to show that the facts were really different from what they were found to be at the time of making the original award. *Pedlow* v. *Swartz, etc., Co.*, 68 Ind. App. 400, 120 N. E. 603; *Indianapolis, etc., Co.* v. *Morgan* [75 Ind. App. 672] 129 N. E. 644; *Home, etc., Co.* v. *Cahill,* 71 Ind. App. 245, 123 N. E. 415; *In re Whitman* [78 Ind. App. 506] 136 N. E. 38; *Miller* v. *Riverside and Dan River Cotton Mills, Inc.,* 13 O. I. C. 18.

"The thought adduced from the foregoing excludes differences of opinion on the same set of facts; refutation of a record on a previous hearing wherein the parties at issue were duly represented; pyramiding of a record by reintroducing that which the former record shows. The limitation of the issue to the confines of the principles above outlined is in the interest of promoting justice between the parties; otherwise, the purpose of the section would be abused by using its provisions to cover an oversight or failure to present a claim for the injury from which the change in condition emanates, thereby substituting an application for a change in condition for an original application. The reopening of a case on a change in condition to permit the expression of a difference of opinion on the former record is subject to the criticism just stated. In addition, it is tantamount to a collateral attack upon the

award entered upon the former record; it has the further objection of being an indirect approach to an evasion of the provisions of section 60 of the act relating to reviews: there would be no end to the indefiniteness involved in fixing the rights of the parties. In fact, no award would be stable without the safeguards enumerated.

"In a general way, the foregoing analysis presents the principles involved as a background for the application of the amendment to section 47 in supplying, for the first time, a limitation of twelve months to a change in condition conforming to the foregoing essentials and dating from the day of the last payment on the award outstanding at the time such payment is made.

"It is asserted, as a legal proposition, that the amended language, 'but no such review shall be made after twelve months from the date of the last payment of compensation pursuant to an award under this act,' if applied retroactively, is violative of the provisions of section 58 of the Constitution relating to the impairment of the obligation of a contract; that the amendment should be applied prospectively. The defense contends that the amendment is of general application and is retroactive in its operation as it affects the remedy only; that such construction of the language used does not violate section 58 of the Constitution.

"In the case of *Whitlock* v. *Hawkins*, 105 Va. 242 [53 S. E. 401], it was held:

" 'Retrospective laws are not favored, and a statute is always to be construed as operating prospectively, unless a contrary intent is manifest; but the legislature may, in its discretion, pass retrospective or curative laws, provided they do not partake of the nature of what are technically called *ex post facto* laws, and do not impair the obligation of contracts, or disturb vested rights; and, provided, further, they are of such nature as the legislature might have passed in the first instance to act prospectively.'

"The foregoing is accepted as a comprehensive statement of the law relating to retroactive statutes in general.

"The qualifications to the general principle deserve further consideration, *viz.*:

"The presumption of law is opposed to giving them a retroactive effect unless a contrary intent is manifest. In the instant case the language used is of general application. There appears no date from which it shall operate save by the principles of law applicable to all statutes. The manifest purpose of the constitutional provision, placing the effective date of a statute ninety days from the day of adjournment of the session of the General Assembly, is to allow litigants a fair opportunity to acquaint themselves with the provisions of the statute enacted at a given session in order to institue and prosecute the appropriate proceeding for the preservation of their rights in accordance therewith.

"The major weight of authority holds that statutes of limitation are placed upon a different level from other statutes, assuming, of course, that all are subject to the constitutional provision, *viz.*, section 53 of the act, in the absence of an emergency clause, which is not involved in the instant case. 17 R. C. L. 683; *Mulvey* v. *City of Boston* [197 Mass. 178], 83 N. E. 402 [14 Ann. Cas. 349]; *State ex rel. Anderson* v. *General Accident, Fire and Life Assurance Corporation* [134 Minn. 21], 158 N. W. 715 [L. R. A. 1916F, 957, Ann. Cas. 1918B, 615].

\*       \*       \*       \*       \*       \*       \*

"The Supreme Judicial Court of Massachusetts, in the case of *Cunningham* v. *The Commonwealth* [278 Mass. 343], 180 N. E. 147, said:

" 'It is established that a statute of limitations, because it relates to the remedy only, will apply to a cause of action existing at the time it is passed if sufficient time has been allowed between the passage of the act and the time for the new limitation to take effect to give opportunity to persons having such causes to bring their suits or actions. \* \* \*

" 'In discussing the question whether the statute would be unconstitutional as applicable to previously existing

causes of action, because in some such cases two years may have elapsed before the approval of the new act and the plaintiff's only opportunity to bring his action under the earlier statute would be the thirty-day period between the approval of the act and the time when it went into effect, the court held that the act was unobjectionable as applicable to previous causes of action on constitutional grounds because the thirty-day period allowed a reasonable time within which an action might be brought under the statute. For remedial reasons the plaintiffs in this case had reasonable opportunity in which to enforce any rights existing at the time of approval of the statute by filing their petitions within the time elapsing between the approval of the statute and the time it took effect.'

"The same court decided that a reduction in a statute of limitations from six years in tort actions to two years is retroactive, even though the right of action will already have accrued. *Mulvey* v. *City of Boston* [197 Mass. 178], 83 N. E. 402 [14 Ann. Cas. 349]. Also, to amplify more fully the ruling of the court, parts of the head note are cited, as follows, *viz.*:

" 'A statute of limitations, since it affects only the remedy may be made to apply to causes of action which have already accrued; and the time which limitation has to run may be reduced, providing a reasonable time is given after the change to allow an action to be begun. * * *

" 'A change in the statute of limitations from six years to two, and allowing thirty days in which to bring an action which accrued more than two years before, is not unconstitutional, as depriving a person of property without due process of law.'

"In the case of *Lamb* v. *Powder River Live Stock Co.* [C. C. A.] 132 Fed. 434 [67 L. R. A. 558], Circuit Judge Van Devanter, now a member of the United States Supreme Court, held in the course of construing a Colorado statute, in this language, to-wit:

" 'It shall be lawful for any person sued in this State on

judgment rendered in another more than six years before the commencement of the action in this State to plead the same in bar, provided that if said judgment rendered without this State be based upon a cause of action which had accrued more than six years prior to commencement of the action and the said judgment had been rendered without this State more than three months prior to bringing of such action thereon in this State, it shall be lawful for any person to plead the same in bar thereof.'

"It was held that the act was retroactive, as shown from his opinion, viz.:

" 'The rule that statutes must be given a prospective, rather than a retrospective, operation, is well recognized, but, like other rules of interpretation, it is resorted to to give effect to the presumed and reasonably probable intention of the legislature, when the terms of the statute do not of themselves make the intention certain or clear and cannot be limited to change or defeat the intention when it is made obvious or manifest by the terms of the statute.

" 'Not infrequently, in adopting new statutes of limitations, special provision is expressly made for enforcing existing rights of action, but a provision of this character was not needed in this instance. Under the Constitution, the act of 1895, which contained no emergency clause, would not take effect for ninety days after its passage, a period which is practically the equivalent of the shortest limitation prescribed in the act. According to the decisions of many courts, a statute of limitations, the operation of which is postponed to an appointed time in the future, is effectual from the date of its enactment and a public notice of its provisions and prospective operation and, if it be not otherwise provided, operates to fix or designate the time which will elapse between its passage and its taking effect as the period within which to begin proceedings for the enforcement of such existing rights of action as will fall within the bar when it takes effect.

" 'We think the shortened limitation was intended to ap-

ply to actions upon the existing judgments and that if that limitation is valid the plaintiff's right of action was barred ninety days after it took effect, or, three months after it took effect, depending upon when he was put to his remedy by the act.'

\* \* \* \* \* \* \*

" 'Each limitation must be separately judged in the light of the circumstances surrounding the class of cases to which it applies, and, if the time is reasonable in respect to the class, it will not be adjudged unreasonable merely because it is deemed to operate harshly in some particular or exceptional case.' 17 R. C. L. 679.

"The precise question here presented for determination has been adjudicated by the Appellate Court of Indiana, Division No. 1, in the case of *In re Hogan* [75 Ind. App. 53] 129 N. E. 633, on certification of the question by the industrial board of that State.

"Section 45 of the Indiana act, which has a purport of equivalent value to section 47 of our act, provides, *inter alia,* the following:

" 'The board shall not make any such modification upon its own motion nor shall any application therefor be filed by either party after the expiration of one year from the termination of the compensation period fixed in the original award, made either by an agreement or upon hearing.'

"The court, in giving this part of the section a retroactive effect, said:

" 'It is a statute of limitations. Such statutes are considered necessary to the welfare of society. They are enacted on the presumption that one having a well-founded claim will not delay enforcing it. They neither create nor destroy rights, but pertain to the remedy solely.'

"The Pennsylvania act carries a provision of similar import to that of section 47 of the Virginia act. The Appellate Court of that State, in giving the act a retroactive effect, in the case of *Marchuk* v. *Pittsburgh Terminal Coal Corp.* [106 Pa. Super. Ct. 249], 161 Atl. 771, said:

" 'The legislature enacted that the provision now under consideration should be enforced upon the approval of the amendment. The amendment relates to procedure and applies to pending cases and is not confined to accidents which occur after its passage and approval. The contrary contention made in behalf of the claimant is fully disposed of in the case of *DeJoseph* v. *The Standard Steel Co.*, 99 Pa. Super. Ct. 497, and *Johnson* v. *Jeddo Highland Coal Co.*, 99 Pa. Super. Ct. 94.'

"It must be emphasized that a change in condition is quite different from the right to recover for the injury itself. In some States limitations of different periods for the two differ. As an illustration, the Indiana act places a limitation of two years on the injury resulting from the accident, and one year on a reopening of the case on a change in physical condition. In the analysis of cases this distinction is extremely important. As previously pointed out, the purpose is well defined and often misapplied. It is essential to determine whether a case presents a claim for injuries by accident or a change in actual physical condition subsequent to the original award. It is impossible to have a change in condition without a prior award. A change in condition is based upon an award in a compensable case. Its object is purely remedial, as it enlarges or diminishes the former award to meet the circumstances of a particular case.

"* * * The General Assembly of Virginia passed an act on March 22, 1873, Code of 1873, chapter 57, section 36, page 544, in this language, *viz.:*

" 'No corporation shall hereafter interpose the defense of usury in any action; nor shall any bond, note, debt or contract of such corporation be set aside, impaired or adjudged invalid by reason of anything contained in the laws prohibiting usury.'

"In the case of *Town of Danville* v. *Pace*, 25 Gratt [66 Va.] 1, 18 Am. Rep. 663, the town insisted that it had the right to plead usury as to contracts entered into before the

passage of the foregoing act, asserting it applied only to causes of action arising on contracts made after its adoption relying upon the principle of law that statutes are to be construed as prospective in their operation unless their language plainly shows the intention of the legislature that they shall have a retroactive effect. The court in answering this position, in its opinion, says:

" 'It will be observed that the words used are very comprehensive. "No corporation shall hereafter interpose the defense of usury in *any* action." The words "any action" necessarily include suits instituted before as well as after the passage of the act. There is nothing in the context to give them a more limited operation. The defense is prohibited in all cases. In order to adopt the construction insisted on by the defendant, other words must be incorporated into the body of the act, so as to make it read: "No corporation shall hereafter interpose the defense of usury in any action upon a contract hereafter made." '

"The statute was held to apply to existing and as well to future obligations, and was construed as retroactive in operation upon cases pending before the passage of the act. The suit had already been brought upon such a contract before the passage of the act. It was further held that the act was not in violation of the Constitution of the United States or that of Virginia in that no vested right was divested by the construction placed upon the statute by the court.

"In further reference to statutes affecting a remedy, it has been uniformly held by our Supreme Court of Appeals that they are retroactive. This class of cases differs materially from those which involve a combination of right and remedy, or right alone. There is no vested right involved in a remedy, whereas a right may be involved in the latter class. To these the State and Federal Constitutions offer protection. Judge Burks, in the case of *Price's Ex'r, et al.* v. *Harrison's Ex'r, et al.*, 31 Gratt. [72 Va.] 114, 121, concurred in the ruling of Judge Staples in the foregoing case of *Town of Danville* v. *Pace*, 25 Gratt. [66 Va.]

1 [18 Am. Rep. 663], in making the distinction between those statutes involving right, combination of right and remedy, and remedy alone. He says: 'Several cases have been decided by this court, to which it was held that this statutory provision did not apply; but, on examination, they will be found to be cases involving questions of remedy merely.' In support of the expression quoted is cited *McGruder* v. *Lyons*, 7 Gratt. [48 Va.] 233, 234; *Yarborough and Wife* v. *Deshazo*, 7 Gratt. [48 Va.] 374; *Crawford* v. *Halsted and Putnam*, 20 Gratt. [61 Va.] 211, 225, 226; *Town of Danville* v. *Pace*, 25 Gratt. [66 Va.] 1 [18 Am. Rep. 663].

" 'The citations of authorities against construing statutes retrospectively, where they disturb vested rights, do not apply to remedial statutes; by all authorities remedial statutes are an exception to the rule.' *McGruder* v. *Lyons*, 7 Gratt. [48 Va.] 233; *Perry* v. *Commonwealth*, 3 Gratt. [44 Va.] 632; *Town of Danville* v. *Pace*, 25 Gratt. [66 Va.] 1 [18 Am. Rep. 663]; *Lackland* v. *Davenport*, 84 Va. 640 [5 S. E. 540]; *Crabtree* v. *Building Association*, 95 Va. 677 [29 S. E. 741, 64 Am. St. Rep. 818].

"The case of *Crawford* v. *Halsted and Putnam*, 20 Gratt. [61 Va.] 211, is authority for the proposition: 'Inchoate rights derived under a statute are lost by a repeal of the statute before they are perfected unless they are saved by express words in the repealing statute.'

"The case of *Smith* v. *Northern Neck Mutual Fire Asso. of Virginia*, 112 Va. 192 [70 S. E. 482, 38 L. R. A. (N. S.) 1016], holds the following, *viz.:*

" 'The act of Assembly declaring that "no provision in any policy of insurance limiting the time within which a suit or action may be brought to less than one year after loss shall be valid" applies not only to policies thereafter issued, but also to policies in force when the act was passed and upon which a right of action had not accrued. * * *

" 'It is within the power of the legislature to shorten the period of limitation on an existing contract, leaving

always a reasonable time within which to invoke a remedy for its breach, or to prolong the period of limitation where the right to plead it has not accrued. The power of the legislature to change the limitation is the same whether the limitation be imposed by statute, or by stipulation of parties. The object and effect are the same, and the one as well as the other operates only on the remedy. While a contract is presumed to be made with reference to existing laws, those laws may be altered, amended or repealed without affecting the binding force of the contract, so long as a sufficient remedy is left for its enforcement. Legislation of this nature does not impair the obligation of contracts.'

"The time limit fixed in amended section 47 of the act was made uniform in extent with that appearing in section 25. There is no rule of reason warranting a longer limitation for changes in physical condition than for injury by accident under section 25. The confusion arising in some jurisdictions, by reason of a variance in the two limitations, is not present in this case in view of the language of our act in the two sections.

"The language of the act permits of no ambiguity in the fact that the context shows it was intended to apply retroactively and prospectively as to all claims arising under section 47."

It provides "no such review * * * shall be made after twelve months from the date of the last payment of compensation pursuant to *an award* under this act." (Italics ours.) The legislature has placed a limitation in which the petition for review must be filed. The words "an award" are all-inclusive. If the interpretation of the statute claimed by the employee in this case should be placed upon the act, then it would be necessary for us to supply words not found in the statute; that is, such construction would make the act read "no such review * * * shall be made after twelve months from the date of the last payment of compensation to *any* award *hereafter made.*" Such is not the language of the act. As adopted, it includes two classes of awards—

those theretofore made, and those thereafter to be made. There is nothing in the phraseology that confines its operations to either past or future awards, but both are included. For interpertation of similar language see *Litton's Case,* 101 Va. 833, 44 S. E. 923; *Wilkes* v. *Wilkes,* 115 Va. 886, 80 S. E. 745; *Walker* v. *Temple,* 130 Va. 567, 107 S. E. 720; *Fidelity Co.* v. *Gill,* 116 Va. 86, 81 S. E. 39; *Southern Railway Co.* v. *Simmons,* 105 Va. 651, 55 S. E. 459.

The legislature intended to place a limit within which a change of physical condition must be asserted in order to eliminate the indefiniteness and uncertainty involved in this class of cases.

In *Wise Coal Co.* v. *Roberts, supra,* in discussing the section prior to the 1932 amendment, we said:

"While admitting that the statute fixes no limitation for filing such an application, the court is asked to hold as a matter of law that seven years is an unreasonable time; in other words, the court is asked to do what the legislature has not seen fit to do, *i. e.,* fix a time limit in which an application based on a change in condition must be filed."

Since that opinion was rendered the legislature has fixed a time limit in which an application based on a change in condition must be filed. In so doing it used language which is all inclusive.

Our answer to the legal question involved is: That the legislature meant what it said that "no such review shall be made after twelve months from the date of the last payment of compensation pursuant to an award under this act," and that it includes both *past* and future awards.