Louise P. Huff, Appellee, v. Rolla D. Fulk et al., Defendants. Alvin E. Bernstein, Appellant.

Gen. No. 9,574.

34

Opinion filed March 12, 1948. Released for publication April 7, 1948.

C. E. Tate, of Champaign and Ode L. Rankin, of Chicago, for appellant.

Henry I. Green, Enos L. Phillips and Darius E. Phebus, all of Urbana, for appellee.

Mr. Justice Dady delivered the opinion of the court.

This is an appeal by Alvin E. Bernstein, defendant appellant, as owner of the equity of redemption, from a decree of foreclosure and sale of real estate. The suit was to foreclose (subject to the ,lien of a first mortgage for $5,100 held by the H. O. L. C.) a mortgage to S. E. Huff, executed on April 16, 1934, by Rolla D. Fulk and Fannie E. Fulk, his wife, to secure their note of that date by which they agreed to pay to S. E. Huff "on or before two years after date" $1,300 with interest at 6 per cent per annum until paid. The note contained a judgment clause authorizing any attorney to appear at any time after the date of said note and confess judgment in favor of the holder of the note.

On September 15, 1940, S. E. Huff, the then owner and holder of the note and mortgage, died in Cham-

paign county. His will was admitted to probate in that county on October 20, 1940, and Louise P. Huff, his widow, who is the plaintiff appellee, was appointed and qualified as executor.

On January 12, 1942, the estate was duly closed and the executor discharged. The note and mortgage sued on were not inventoried in the estate. The debts and costs of administration of the estate were fully paid,— except that had such note and mortgage been inventoried there would or might have been an additional inheritance tax due the State.

The complaint was filed on January 21, 1946, and alleged that appellee was the then holder and owner of the mortgage and note. Rolla D. Fulk, Fannie E. Fulk and appellant were made parties defendant. The complaint alleged that the appellant claimed an interest, but that his interest was subject to appellee's lien.

The answer of Rolla D. Fulk and Fannie E. Fulk, filed January 30, 1946, admitted that they executed such mortgage and note, that the note had not been paid, that there was due thereon $1,300 with interest at 6 per cent per annum from April 16, 1934, less a $40 payment indorsed on the note, and that appellee was entitled to foreclose.

On April 13, 1946, the appellant filed his answer in which he categorically "neither admitted nor denied" the allegations that Spencer E. Huff died leaving a will, that administration proceedings were had on his estate, that the Fulks were indebted to S. E. Huff and executed the note and mortgage sued on, that the note had not been paid, and that the appellee was entitled to foreclose. The answer then categorically denied that the appellee was entitled to the relief sought.

Sometime between April 13, 1946, and December 21, 1946, the date not being shown, appellant claims he received from the Fulks a quitclaim deed conveying to him their interest in the real estate in question. This contention is not supported by the proofs but is not denied, so we will assume it to be true.

On December 21, 1946, appellant filed his "additional pleas" Nos. 1 and 2. No. 1 alleged that the note and mortgage in question were a part of the assets of the estate of S. E. Huff, deceased, and were not inventoried, and that appellee was not the owner thereof and was not entitled to maintain the suit. No. 2 alleged that the cause of action did not accrue to appellee within ten years after the due date of the note and mortgage, and that she was not the legal owner thereof. The appellee filed replies to such pleas. The sufficiency of such replies is not questioned.

The appellant first contends that, by reason of the note and mortgage not having been inventoried, the appellee does not have such an interest as enables her to maintain this proceeding. We consider it a sufficient answer to this contention to say that the proofs show that the will of S. E. Huff bequeathed to the appellee all of the testator's personal property, subject to the payment of debts, and that during the process of administration of his estate the appellee, as such executor, and while in possession of the note, signed an indorsement thereon which read, "Pay to the order of Louise P. Huff." In *Winkelman v. Kiser for use of Harlow,* 27 Ill. 21, the court said that the person holding the beneficial interest in a mortgage should be made the complainant. In *Gordon v. Johnson,* 186 Ill. 18, 29, the court said, "It is well settled that, in equity, those, having a beneficial interest in the subject matter and relief sought, are the proper parties to sue, although they may not have the legal title or interest therein." (See also *Stanley v. Mather,* 31 Fed. 860, and *Moore v. Brandenburg,* 248 Ill. 232, 236.) It is our opinion that it is no concern of appellant and no defense to this proceeding that the State of Illinois might have been or may be entitled to an additional inheritance tax against the estate of S. E. Huff, deceased.

The next contention of appellant is that the note and mortgage were given in violation of the H. O. L. C. Act of Congress, and therefore no action can be maintained thereon.

On August 25, 1933, Rolla D. Fulk, while the owner of said real estate, made an application to the H. O. L. C. for a loan thereon of $6,914.60, which stated that the liens were: F. I. & B. Ass'n $4,624.02; S. E. Huff & Co. $1,000 with six per cent interest since 1930; $121.36 for general taxes and pavement, and $41.25 for special assessments.

On April 16, 1934, S. E. Huff executed a release, recorded the same day, whereby he released the lien of the S. E. Huff & Co. mortgage for $1,000, which mortgage was then a second lien on said property.

On May 23, 1934, the F. I. & B. Ass'n, as holder of the first mortgage, filed with the H. O. L. C. a "mortgagee's consent to take bonds," which stated that it would accept in full settlement of its mortgage $4,909.81 in H. O. L. C. bonds and not to exceed $25 in cash. Attached was an executed release of such mortgage.

On May 23, 1934, there was recorded a mortgage from Rolla D. Fulk and Fannie E. Fulk, his wife, to the H. O. L. C. securing a loan for $5,100. On July 5, 1934, the H. O. L. C. completed such loan by paying the first mortgage and the expenses incident to the loan. No part of the $5,100 was paid to Huff.

On April 16, 1934, Rolla D. Fulk and wife executed and delivered to S. E. Huff the note and mortgage sued on in this case. Such mortgage was recorded at 4:00 p. m. on July 5, 1934.

Under date of August 1, 1934, E. O. Alter, as an officer of the Chicago branch of the H. O. L. C., wrote a letter to Williamson and Winkelmann, Urbana attorneys, "re loan of Rolla D. Fulk" which reads as follows·

"We are returning herewith letter of opinion dated July 5, 1934. The abstract discloses a mortgage dated April 16, 1934, to Spencer E. Huff. Although the opinion dated July 5, 1934 purports to include this date, it does not show this mortgage. If it is a second mortgage, so indicate, and advise if borrower has represented his ability to carry both mortgages. Also advise the basis for the second mortgage."

R. E. Winkelmann, an attorney, identified his signature to a letter on the letterhead of Williamson and Winkelmann, dated August 2, 1934, "re loan to Rolla D. Fulk," addressed to E. O. Alter, which reads:

"Replying to your letter of the 1 inst. . . . We have rewritten the last page of our final opinion including the existence of a mortgage made by the borrower, Rolla D. Fulk and wife, recorded on July 5, 1934, the date of the final closing of this loan and the date of the final opinion written by us. We did not mention this mortgage in our final opinion because it was filed so long after the mortgage to the H. O. L. C., and we were influenced in an effort to follow the form of the opinion furnished us. We confess we should have mentioned it. This mortgage was filed without the knowledge of the abstractor and without the knowledge of this office at 4:00 p. m. on the closing day. Rolla D. Fulk is a middle aged man, formerly a successful building contractor. . . . It is our opinion that he will be able to take care of both of these mortgages and he insists he will be able to take care of both of them. The basis of this second mortgage is to cover a credit account owing from time to time by him to S. E. Huff, who is the owner of the S. E. Huff Lumber Company of this city where Mr. Fulk buys his building material."

Winkelmann testified that in 1934, he and F. E. Williamson were law partners in Urbana, that Wil-

liamson died in 1943, that in 1943 he, Winkelmann, was one of the attorneys in Champaign county for the H. O. L. C., that Williamson was the attorney for S. E. Huff "at that time" and that he, Winkelmann had no recollection of the closing of the Huff loan or of any of its details.

There was introduced in evidence an excerpt from the H. O. L. C. Blue Book for title examiners and loan purchasers which reads:

"Where the full amount of the indebtedness . . . cannot be refunded by the corporation, the . . . lien holder will be permitted to take a second mortgage . . . if the amount of such second mortgage . . . does not exceed the difference between the corporation's appraisal and the amount of the corporation's first mortgage. In no case shall the . . . second mortgage to such other . . . lien holder be in terms which shall cause the mortgagor's payments to the corporation to be a hardship, or deprive the mortgagor of reasonable opportunity to pay such second mortgage. . . ."

There was introduced in evidence another section which reads:

"Fee attorneys are attorneys who have been placed on the approved list . . . by the . . . loan corporation in connection with application for loans. They are not employees of this corporation. . . ."

There was introduced in evidence a letter dated January 13, 1937, from S. E. Huff to R. D. Fulk requesting payment, which letter reads:

"Now Rolla, I suppose the mortgage you gáve me to secure this note is subject to a first mortgage and I wish you would let me know who has the first mortgage and what the amount of it is at the present time as I believe it was to be a B. & L. A. and I suppose you

have been keeping up the payments on it, not to lose your equity in it. Please write me fully just how the entire matter stands . . . ."

There also was introduced in evidence a letter from the Chicago office of the H. O. L. C. dated April 22, 1937, to S. E. Huff which reads:

"We acknowledge receipt of your letter dated April 15th concerning the above captioned (Fulk) loan account. The following information is being furnished you in the strictest confidence and for the reason that you are the holder of a junior mortgage on this property. Under date of May 23, 1934, Mr. Fulk obtained a loan from this corporation amounting to $5,100. . . ."

The appellant argues that in view of the foregoing evidence, particularly the fact that the original Huff mortgage was released by Huff on April 16, 1934, that on the same day Huff took the present mortgage but did not record such new mortgage until after the H. O. L. C. had placed its mortgage on record on May 23, 1934, and until after the H. O. L. C. had made full distribution on July 5, 1934, of the proceeds of its loan, and in view of the testimony of Winkelmann that his law partner Williamson was the attorney for S. E. Huff "at that time," the record shows that "the objective was to circumvent the H. O. L. C. law and rules" and that therefore the appellee should be barred from equitable relief.

Appellant cites only three cases,—*Bealkowski v. Powers,* 310 Ill. App. 662; *Rasmussen v. Mitchell,* 321 Ill. App. 618, and *Johnson v. Matthews,* 301 Ill. App. 295. We do not consider such cases helpful to a correct decision of the present case, because in each of such cases the party barred from relief had filed with the H. O. L. C. an agreement to accept bonds in full satisfaction of the debt due such party. In the instant

case it is not contended that Huff filed any such agreement with the H. O. L. C.

■ ■ It will be noted that in the instant case the Fulks, by their answer, admitted the indebtedness, and that the plaintiff was entitled to the relief sought. While this answer was on file, the appellant took a quitclaim deed from the Fulks. It will also be noted that the Fulks, who were apparently the only living parties other than Winkelmann who might be most apt to know of the real facts in the case, were not called upon to testify as to anything concerning the making of the H. O. L. C. loan or of the loan being foreclosed herein. The Fulks testified on other issues not now presented, so they were available as witnesses. Had the appellant interrogated them on the present issue, presumably he could not have thereby proven anything favorable to him on the present issue because of the admissions made by the Fulks in their answer to the complaint. However the difficulty of producing proof does not obviate the necessity. It is our opinion that were we to find with the appellant on this contention such finding would have to be based largely on suspicion. The law is that transactions are presumed to be fair and honest until the contrary is proven by clear and convincing evidence. (*Racine Fuel Co. v. Rawlins*, 377 Ill. 375.) Therefore we hold that the proofs do not show that the note and mortgage being foreclosed were given in violation and circumvention of the H. O. L. C. Act. (See *Chicago Title & Trust Co. v. Szymanski*, 289 Ill. App. 600.)

■ ■ Appellant next contends that the note sued on is equivalent to a demand note by reason of the judgment by confession clause contained in the note, and that therefore the Statute of Limitations commenced to run from the time the holder had the right to demand payment. The note, by its terms, was not due until April 16, 1936. This suit was begun Janu-

ary 21, 1946, which was within ten years after the due date. (See 10 C. J. S. p. 741; ch. 98, Ill. Rev. Stat. par. 24, sec. 4 [Jones Ill. Stats. Ann. 89.024]; and *Schenck v. Ballou,* 253 Ill. 415.) We are of the opinion that the judgment by confession clause did not accelerate the due date as to the running of the Statute of Limitations. (See *Walker v. Temple,* 130 Va. 567, 107 S. E. 720, 721; see annotation in 34 A. L. R. 897.)

The appellee has filed a motion for the assessment of damages against the appellant on the ground of vexatious delay presented by this appeal. That motion is denied.

The decree of the circuit court appealed from is affirmed.

*Affirmed.*