## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Gary Hart Machinery Corp.

v.

Mercedes-Benz of North Am., Inc.

January 3, 1997

Case No. (Law) 96-127

BY JUDGE JAY T. SWETT

The defendant, Mercedes-Benz of North America, Inc., has filed a demurrer to the Motion for Judgment filed by the plaintiff, Gary Hart Machinery Corporation. The Motion for Judgment sets forth claims under the Virginia Motor Vehicle Warranty Enforcement Act (also known as "Virginia's Lemon Law") and the Magnuson-Moss Warranty Act. The matter has been fully argued and briefed. For the reasons set forth, the Court sustains the demurrer.

Because the case is before the Court on a demurrer, the Court will accept the well-pleaded facts in the Motion for Judgment. They indicate that the plaintiff, a corporation, leased a 1995 Mercedes-Benz vehicle from Brown Toyota-Mercedes-Benz. Subsequently, the plaintiff found problems with the paint, including spots on the right passenger door and deck lid. The plaintiff also contends that there was "dirt in the paint" on both sides of the vehicle. The plaintiff also found "etching" on the inside and outside rear glass. The plaintiff contends that the defects breached the new car warranty issued by the defendant. Two or three repair attempts were made which did not correct the defects. An offer by the defendant to repaint the car was rejected by the plaintiff. The plaintiff contends that the defects impair the use, safety, and market value of the vehicle. The plaintiff contends that its president used the vehicle for his personal use. Plaintiff contends that it has complied with conditions precedent to bring an action under the Virginia Lemon Law and under the Magnuson-Moss Warranty Act.

In its demurrer, the defendant contends that neither the Virginia Lemon Law nor the Magnuson-Moss Warranty Act apply to a vehicle lease. The

defendant also contends that relief under these statutes is not available to a corporation. The defendant also contends that the problems with the vehicle are not serious enough to constitute a "significant impairment" to warrant relief under the Virginia Lemon Law. Finally, the defendant contends that the refusal by the plaintiff to permit the defendant to repaint the vehicle precludes the plaintiff from asserting a claim under either statute.

After reviewing the cases cited in the briefs, it is my conclusion that neither the Virginia Lemon Law nor the Magnuson-Moss Warranty Act provide a cause of action to a corporate lessee. While it is true that under Virginia law a corporation can be considered a "person," I do not agree that the definitions of "consumer" under the Virginia Lemon Law or "consumer product" under the Magnuson-Moss Act, when the statutes are read in their entirety, include a corporation as an entity entitled to protection under the statutes. Both statutes focus on the use to which the vehicle is made. Both statutes speak in terms of the use of the vehicle being for "personal, family, or household purposes." These terms have no applicability to a corporation.

This problem is not cured by the fact that the plaintiff contends in its Motion for Judgment that the president of the corporation used the vehicle for personal, family, or household purposes. The corporation is the entity that leased the vehicle, not the president of the corporation.

It is also my conclusion that both statutes apply only to purchases of vehicles (or consumer products under the Magnuson-Moss Warranty Act) and not leases. The statutes use the term "purchaser" and "buyer." The lease agreement between the plaintiff and Brown Toyota-Mercedes-Benz uses the term lease throughout the document. In the agreement, the plaintiff reserved the right to purchase the vehicle at some later date. Until the plaintiff purchased the vehicle, his status remained as a lessee. Their agreement expressly stated that it was a "true lease" and that the plaintiff had no equity or ownership right in the vehicle until he purchased it.

Ultimately, the question for this Court is whether the legislative bodies which enacted these statutes intended to include corporate leases within the statute. If leases were to be included, it would have been easy for the legislators to have included references to a lease or lessee in the definitional sections of the statute. Other states that have similar laws have done so. While, as plaintiff has pointed out, there are certain clauses in the statutes that provide a basis for one to argue that corporate leases are covered by the statutes, the arguments are somewhat strained. My reading of the two statutes taken in their entirety is that they do not apply to a corporate lease like the one involved here.

With regard to the issue of whether the defects are sufficiently serious to warrant relief under either statute or whether the defendant was given a

reasonable opportunity to correct the warranty problems, the Court concludes that these issues, had the demurrer not been granted, would be issues to present to a jury.