# CIRCUIT COURT OF THE CITY OF STAUNTON

Pamela J. Powers

v.

Toyota Motor Sales, USA, Inc.,
and McDonough, Inc.,
t/a McDonough Toyota

March 12, 1999

BY JUDGE HUMES J. FRANKLIN, JR.

The issue before the Court is whether the amendments made to the Virginia Motor Vehicle Warranty Enforcement Act, Va. Code Ann. § 59.1-207.9, *et seq.*, adding lessees to the class of protected consumers as of July 1, 1998, applies retrospectively. The plaintiff leased a 1996 Toyota 4 x 4 from Toyota Motor Credit Corporation on March 29, 1996. According to the Motion for Judgment, Toyota first failed to conform the vehicle to applicable warranties on June 14, 1996.

The plaintiff originally filed suit against Toyota on May 18, 1998, and took a voluntary nonsuit after Toyota filed a Demurrer. On December 10, 1998, plaintiff refiled her suit, once again alleging that Toyota violated the Magnuson-Moss Warranty Act[1] and the Virginia Motor Vehicle Warranty

---

[1] Powers abandoned this contention at oral argument conceding, as the Court feels she must, that Circuit Court decisions in this jurisdiction, and Courts from other jurisdictions, have also ruled that the Magnuson-Moss Warranty Act only applies to purchases of vehicles and not to leases. See, Gary Hart Mach. Corp. v. Mercedes Benz, 41 Va. Cir. 249 (Charlottesville 1997); Loiercio v. Volkswagen of America, Inc. (Virginia Beach 1997); Noriss v. Toyota Motor Co. (Norfolk 1997); Doss v. Ford Motor Co. (Salem 1998); Alpiser v. Eagle Pontiac-GMC Isuzu, Inc.; 389

Enforcement Act. The defendant, Toyota, filed a Demurrer to the new suit. At the hearing on the Demurrer, Powers asserts that the current version of Virginia Code Ann. § 59.1-207.9 *et seq.* applies retroactively and relies upon *Sussex Community Services Assn. v. Virginia Society for the Mentally Retarded Children, Inc.*, 251 Va. 248 (1996), stating that while the statute was amended adding the language "or the lessee" that the Act contains, in other unamended portions of it, the word "any," and therefore, it was not necessary to add the word "any" when the statute was amended. Therefore, Powers argues, because the Act has the unrestricted modifier "any" in it, the amendments should be considered to apply without limitation. Defendant, Toyota, argues that the 1998 amendments cannot be retroactively applied because they effect the plaintiff's substantive and vested rights.

The Court must, by necessity, begin its analysis of the issue presented by Powers with an analysis of the law in Virginia with respect to statutes either enacted or amended by the legislature. The traditional rule in Virginia provides that statutes are presumed to be prospective in nature. *Virginia Farm Bureau Ins. Co. v. Travelers Indem. Co.*, 242 Va. 203, 208 (1991). To overcome this presumption, there must be a clear, unequivocal expression by the legislature that the statute is to be applied retroactively. *Allen v. Mottley Const. Co.*, 160 Va. 875, 882 (1933).

It is also equally clear that any statute or amendment that affects substantive rights or interest can only be applied prospectively. *Dale v. City of Newport News*, 243 Va. 48, 51 (1992), citing *Potomac Hospital Corp. v. Dillon*, 229 Va. 355, 359-60 (1985); *Shiflet v. Eller*, 228 Va. 115, 121 (1984).

What is clear to the Court is that prior to the 1998 amendment to the law, there was absolutely no cause of action available to the lessee of a vehicle. When, however, the legislature amended the law in 1998, it in fact created a new right or cause or action for those individuals who leased a vehicle.

While Justice Lacy places a great deal of reliance in *Sussex, supra*, on the case of *Allen v. Mottley Const. Co.*, 160 Va. 875 (1933), it is clear that the *Allen* decision did not effect substantive rights, but rather the amendment in that case was procedural in nature and affected the remedy only and disturbed no vested rights. *Buenson Div. v. McCauley*, 221 Va. 430, 432 (1980). In the case of *Whitlock v. Hawkins*, 105 Va. 242, 249 (1906), the Court held that the Courts do not look with favor upon retroactive and retrospective laws, and a statute is always to be construed as operating prospectively unless a contrary

S.E.2d 293, 295 (N.C. App. 1990); Sellers v. Frank Griffin AMC Jeep, Inc., 526 So. 2d 147, 156 (Fla. App. 1998).

intent is manifest. But it cannot be denied that the legislature may, in its wisdom, pass retrospective statutes, sometimes called curative laws, subject to certain well-defined limitations upon its power.

It is equally clear to this Court that Powers' rights were, in fact, vested rights which accrued long before the 1998 amendment to the statute. When rights are vested, a statute or amendment cannot be applied retroactively. *Allen v. Mottley Const. Co.*, at 881.

It is therefore the opinion of the Court that the Demurrer filed on behalf of Toyota should be sustained.