# Richmond.

LEE, TAYLOR & SNEAD V. WILLIS.

DECEMBER 13, 1900.

1. CHANCERY PRACTICE—*Vacation Decrees—Entries on Sunday.*—A vacation decree only becomes effective from the time it is entered in the chancery order-book of the clerk of the court in which the case is pending. Such entry made on Sunday is a void entry, and the decree, signed by the judge, remains as if it had not been copied into the order-book.

Appeal from a decree of the Circuit Court of Franklin county.

*Dismissed.*

*E. W. Saunders,* for the appellants.

*Dillard & Lee,* for the appellee.

No opinion was delivered, but the following order was entered by the court:

Upon an appeal from a decree pronounced by the Circuit Court of the county of Franklin on the 5th day of February, 1899, and upon a motion of the appellees to dismiss this appeal.

This day came again the parties by counsel, and it appearing to the court that the vacation decree appealed from was entered by the clerk in his chancery order-book on Sunday, the court is of opinion that the entry is void (see Broom's Legal Maxims, 21-22; *Swann* v. *Broome,* 3 Burruss, 1596; *Michie* v. *Michie,* 17 Gratt. 109; and *Read's Case,* 22 Gratt. 924, 934), and that the decree signed by the judge is in the same condition as if it

had not been copied into the order-book; and the court is further of opinion that a vacation decree only becomes effective from the time it is entered in the chancery order-book of the clerk's office of the court in which the case is pending (Code, section 3427 and amendments thereto), it is ordered that the appeal be dismissed as improvidently awarded, but without prejudice; and that the appellants pay to the appellees their costs by them about their defence herein expended.

Which is ordered to be certified to the said Circuit Court.

*Dismissed.*