𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢

## STONEGA COKE AND COAL COMPANY V. J. T. SUTHERLAND.

June 14, 1923.

1. MASTER AND SERVANT—*Workmen's Compensation Act—Appeal from Award of Industrial Commission—Record.*—On appeal from an order of a circuit court affirming on appeal an award of the Industrial Commission, the petition for appeal was accompanied with a transcript of the record of the proceedings had before the Industrial Commission, including its findings of fact, required by law to be made. The petition for appeal to the Supreme Court of Appeals, and also that to the circuit court, filed as exhibits certain letters and papers and a copy of the testimony taken before the deputy commissioner.

   *Held:* That these documents constituted no part of the record in the case, and could not be thus introduced into the record.

2. MASTER AND SERVANT—*Workmen's Compensation Act—Appeal from Award of Industrial Commission—Evidence in Appellate Courts.*—On appeal from an order of a circuit court affirming on appeal an award of the Industrial Commission, neither the trial court nor the Supreme Court of Appeals could hear any evidence in the cause.

3. MASTER AND SERVANT—*Workmen's Compensation Act—Appeal from Award of Industrial Commission—Conclusiveness of Findings of Fact by the Commission—Proceeding Summary.*—In the absence of fraud, the findings of fact by the Commission are not subject to review. It is the sole judge of the facts established by the evidence, and neither evidence adduced before it nor any other evidence can be introduced to impeach or qualify the facts found by it. The proceeding is intended to be summary.

4. MASTER AND SERVANT—*Workmen's Compensation Act—Appeal from Award of Industrial Commission—Time within which Appeal should be Taken.*—On appeal from an order of a circuit court affirming on appeal an award of the Industrial Commission, a motion was made to dismiss the appeal because not taken within the thirty days provided by the statute. The case was heard by the judge of the circuit court in vacation, who seems to have prepared and signed the order appealed from on October 27, 1922, and directed it to the clerk of the court to be entered on the order book. It was not so entered till

November 11, 1922, and the appeal to the Supreme Court of Appeals was applied for on December 9, 1922.

*Held:* That this was within time.

5. CHAMBERS AND VACATION—*When Vacation Order Becomes Effective.*—A vacation order does not become effective till entered of record.

6. MASTER AND SERVANT—*Workmen's Compensation Act—What Constitutes an Employee—Questions of Law and Fact.*—What constitutes an employee is a question of law, but whether the facts bring a person within the law's designation is usually a question of fact.

7. MASTER AND SERVANT—*Workmen's Compensation Act—What Constitutes an Employee.*—Section 2 of the workmen's compensation act, as amended by Acts 1922, chapter 425, declares that "employee" shall include every person in the service of another under any contract of hire, written or implied. In the instant case the Industrial Commission found that: "From the evidence as a whole we find that the claimant at the time he received his injury was in fact an employee of the defendant company."

*Held:* That this finding involved a finding of the existence of a contract, express or implied, between the claimant and the defendant company, which finding was conclusive and binding unless obtained by fraud, or contradicted by and inconsistent with other findings of fact in the case.

8. MASTER AND SERVANT—*Workmen's Compensation Act—Statement of Evidence on which Industrial Commission Bases its Findings of Fact— Whether Claimant an Employee—Case at Bar.*—The Industrial Commission is not required to state the evidence on which it bases its findings of fact, but only its findings of fact. In the instant case the findings of fact of the Commission did set out some of the evidence upon which its findings were based, and this is the better practice, but this evidence was entirely consistent with its finding that the claimant was an employee of defendant company. The Commission, however, was under no obligation to give the details of the evidence, and it cannot be gotten from any other source. Its conclusion that the claimant was an employee of the defendant company was a finding of fact, and was not inconsistent with the testimony recited, but was rather supported by it, and was not subject to review.

Appeal from an order of the Circuit Court of Wise county, affirming an award of the Industrial Commission in favor of the claimant. The employer appeals.

*Affirmed.*

The opinion states the case.

*John W. Chalkley,* for the appellant.

*Taylor & Bullitt,* for the appellee.

BURKS, J., delivered the opinion of the court.

[1-3] This is an appeal from an order of the Circuit Court of Wise county, affirming on appeal an award of the Industrial Commission. The petition for appeal is accompanied with a transcript of the record of the proceedings had before the Industrial Commission, including its findings of fact, required by law to be made. The petition for appeal to this court, and also that to the circuit court, files as exhibits certain letters and papers and a copy of the testimony taken before the deputy commissioner. These documents constituted no part of the record in the case, and could not be thus introduced into the record. They were properly stricken out by the circuit court, and will be likewise disregarded by this court. Neither the trial court nor this could hear any evidence in the cause. Section 61 of the act establishing the Commission (Acts 1918, c. 400), as amended by Acts 1922, chapter 425, page 741, expressly provides that "the award of the Commission * * * shall be conclusive and binding as to all questions of fact." In the absence of fraud, the findings of fact by the Commission is not subject to review. It is the sole judge of the facts established by the evidence, and neither evidence adduced before it nor any other evidence can be introduced to impeach or qualify the facts found by it. The proceeding is intended to be summary, and prior to 1922 the judgment of the trial court was final. No appeal was allowed to this court. The legislature has provided a disinterested and competent tribunal to ascertain the facts, and has declared

that its findings of fact shall be conclusive and binding. The compensation allowed the employee is moderate, and the manifest purpose of the legislature, in this class of cases, is to furnish it speedily and at small cost.

[4, 5] A motion was made to dismiss the appeal because not taken within the thirty days provided by the statute. The case was heard by the judge of the circuit court in vacation. He seems to have prepared and signed the order appealed from on October 27, 1922, and directed it to the clerk of the court to be entered on the order book. It was not so entered till November 11, 1922, and this appeal was applied for on December 9, 1922. This was within time. The vacation order did not become effective till entered of record. *Lee* v. *Willis*, 99 Va. 16, 37 S. E. 826.

The Industrial Commission made the following findings of fact:

"The claimant, J. T. Sutherland, while at work with his stepson, N. C. Nickels, in one of the mines of the defendant company at Arno, Va., on or about the 23rd of December, 1921, and while loading coal, accidentally got some particles of coal or slate in his left eye, and as a result of said accident it became necessary later to have the eye removed by an eye specialist. The claimant was engaged in work under two contractors, Wayne Warf and Steve Williams, who were working men in a particular mine or chamber where the accident happened. The claimant's stepson, Nickels, had been working there for some little time and offered to get a job there for the claimant. The claimant had been working, according to his testimony, from Monday until Friday, the day of the accident. The defendant's testimony was that he had been there but two days.

"The main defense set up by the defendant company was that the claimant was not an employee, as he had

received no check from the superintendent of the mine entitling him to work under said contractors, and that the company required such checks to be issued before a man could go to work under this contract plan.

"There is some conflict in the evidence as to just what happened in relation to the issuance of the checks. The rule referred to does not seem to have been a written rule. No copy was introduced in evidence and its main purpose seems to have been as to payment for work done. The contractors, Warf and Williams, both knew that this man was working without a check. Warf had told the claimant that he must get a check; claimant had requested Warf to get one for him which Warf said he would do, and permitted claimant to continue working. Wilson, who had charge of the cars, furnished cars for the claimant to load with his stepson and introduced no objection to claimant continuing work. Robinett, the assistant superintendent at Arno, found Sutherland at work in the mine on the 23rd of December while making his round. He asked Sutherland his number 'and he said that he didn't have any.' Robinett then said 'I will give you an order so you can get them, for you can't work in here without them', and he (Sutherland) said Mr. Warf had gone for him, and I said 'if he gets them for you, all right, but you have to have them if you work.' With this explanation Robinett left Sutherland and did not object to his continuing work.

"It is true that Warf claims to have returned later in the day and told the claimant that he must get the checks himself, but even then he made no objections to his continuing work.

"It is clear from the evidence that neither Robinett nor the contractors ordered Sutherland to stop work. Their direction simply was that he should get the

checks, and a reasonable inference to draw from this testimony is that he was expected later in the day, at some convenient time, to comply with this requirement. In the meantime they permitted him to go on with his work just as the other men were doing who held checks and were working under these contractors. From the evidence as a whole we find that the claimant at the time he received his injury was in fact an employee of the defendant company, and that the accident complained of, which resulted in the loss of his left eye, arose out of, and in the course of, his employment as such."

[6] What constitutes an employee is a queston of law, but whether the facts bring a person within the law's designation is usually a question of fact.

[7, 8] Section 2 of the act declares that "Employee shall include every person, including a minor, in the service of another, under any contract of hire or apprenticeship, written or implied." One of the questions to be settled by the Commission was, in view of this definition, was the appellee an employee of the appellant? And it responded that he was. Its language is, "From the evidence as a whole we find that the claimant at the time he received his injury was in fact an employee of the defendant company, and that the accident complained of, which resulted in the loss of his left eye, arose out of, and in the course of, his employment as such." It responded in the language of the statute. It might have said that he was in the employment of the appellant, which would have meant the same thing. Either involved the existence of a contract, express or implied. Whether or not there was such a contract in existence between the parties was a simple question of fact. It found that there was, and this finding is "conclusive and binding" unless obtained

by fraud, or contradicted by and inconsistent with other findings of fact in the case. We have and can have no other evidence on the subject except that furnished by the findings of the Commission. The evidence taken before the Commission or its deputy cannot be examined or considered. No fraud is alleged, and no facts are found inconsistent with the finding that the appellee was an employee. The Commission is not required to state the evidence on which it bases its findings of fact, but only its "findings of fact." The "findings of fact" of the Commission does set out some of the evidence upon which its findings are based, and this is the better practice, but this evidence is entirely consistent with its findings that the appellee was an employee. What were the relations of the two contractors to the work, or the extent of their powers to employ miners, does not appear from the finding, but the Commission was under no obligation to give the details of the evidence, and it cannot be gotten from any other source. Its conclusion that the appellee was an employee of the appellant is a finding of fact, and is not in consistent with the testimony recited, but rather supported by it, and is not subject to review by this court.

There is no error in the judgment of the trial court, and it will be affirmed.

*Affirmed.*