# Wytheuille.

Ed.  Burleson  v.  Steinman  Coal  Corporation
and Maryland Casualty Company.

June 17, 1926.

1.  Workman's Compensation Act—*Hernia.*—To be entitled to compensation under any hernia claim the employee must meet the requirements of section 2 (c) of the compensation act (Acts of 1918, ch. 400), which lays down the following prerequisites for the allowance: An injury resulting in hernia; sudden appearance of the hernia; the accompaniment of pain; that it does not appear prior to the accident.

2.  Workman's Compensation Act—*Industrial Commission—Appeal—Findings of Fact.*—In the absence of fraud finding of fact by the Commission is not subject to review. It is the sole judge of the facts established by the evidence, and neither evidence before it nor any other evidence can be introduced to impeach or qualify the facts found by it. The legislature has provided a disinterested and competent tribunal to ascertain the facts, and has declared that its findings of fact shall be conclusive and binding.

3.  Workman's Compensation Act—*Hernia—Case at Bar.*—In the instant case the Industrial Commission, after two hearings, had found that the present hernia from which appellant is suffering was not caused by the operation seeking a cure of the original hernia, the result of the accident. It had also found as a fact that the permanent partial disability now suffered by appellant had developed gradually, and that there was no causal connection between the present hernia and the original accident. Having thus found, "this finding is 'conclusive and binding' unless obtained by fraud, or contradicted by and inconsistent with other findings of facts in the case."

Appeal from the Industrial Commission of  Virginia.

*Affirmed.*

The opinion states the case.

*G. M. French, T. A. Love* and *Harrison Baird,* for appellant.

*S. L. Sinnott* and *John G. May, Jr.,* for the appellees.

CAMBELL, J., delivered the opinion of the court.

This is an appeal from a judgment of the Industrial Commission rendered on the 11th day of November, 1925, by which compensation was refused appellant for an alleged injury sustained while in the employ of appellee, Steinman Coal Corporation.

The Industrial Commission made the following findings of fact:

"On July 24, 1923, memorandum of agreement was filed, reciting an injury sustained on June 13, 1923, consisting of an injury to the thumb-nail on the left hand and pain in the left inguinal region. Compensation at $12.00 per week, based on an average wage of $35.00, was provided. This was approved by order entered July 25, 1923. Under date of April 24, 1924, the insurance carrier applied for a hearing on the ground of change of condition, compensation having been paid to that date.

"At the hearing, Doctors A. W. Martin, L. W. Newland and Thomas McNeer testified for the insurance carrier, while Dr. R. L. Phipps appeared as a witness for the claimant. The testimony of the physicians for both parties is to the same effect and will be merely summarized.

"It appears from this testimony that the claimant sustained a hernia upon June 13, 1923, together with a mashing of his thumb and a bruise of the shin of one leg. It further appears that he has entirely recovered from the thumb and leg injuries. In fact, he does not

himself, as we understand it, make any claim for disability from these conditions, although he does say that his thumb bothers him sometimes. His chief claim, however, is that he is permanently disabled as a result of the hernia operation. It appears from the testimony of the physicians that the claimant, at the time of his operation for hernia, was suffering with rather severely infected teeth, and that upon the advice of physicians his teeth were removed. The doctors who saw him before and since the removal of his teeth state that his condition has improved as a result of this having been done.

"Dr. McNeer also stated that he found evidence of the fact that the claimant is suffering with tuberculosis. All the physicians, including the one who testified as a witness for the claimant, state that he has made entire recovery from the hernia operation. The physicians for the employer state that they can find no evidence of any condition which would disable him as a result of this operation. Dr. Phipps agreed with this, although stating that the claimant has some soreness, which is probably due to scar tissue. He, however, is not inclined to consider this very seriously, as appears from the following questions and answers in his testimony:

" 'Q. What effect would this have on his ability to labor?

" 'A. Well, I don't think that would interfere materially with him laboring. He ought to be able to work.'

" 'Q. Don't you think it would be awfully inconvenient?

" 'A. Not very.

"Dr. Phipps was also inclined to disagree with the testimony of one of the physicians for the employer

as to the duration of disability following the hernia operation. He stated that following such an operation a man should probably not return to heavy work in less than twelve months, whereas the testimony of the physicians for the employer was to the effect that he should be able to return to heavy work in about six months, and that from six to seven weeks is an average time for recovery from the operation in question.

"The claimant himself and members of his family testified to the effect that he had not been able to work since his operation, the claimant stating that he suffers with pain and inconvenience at the site of the operation, and that sometimes he has a swelling there. No testimony in corroboration of this appears in the record. Under the medical testimony of both the physicians for the employer and for the claimant, it appears that he has made recovery from the injuries sustained.

"In view of the other conditions unconnected with the accident, which are, and have been, present in his case, the Commissioner feels that the circumstances strongly support the theory of the employer's physicians, and it is found as a fact that the claimant is no longer disabled as a result of the accident, and that further compensation cannot be required."

[1] To be entitled to compensation under any hernia claim the employee must meet the requirements of section 2 (e) of the compensation act (Acts of 1918, ch. 400), which lays down the following prerequisites for the allowance: An injury resulting in hernia; sudden appearance of the hernia; the accompaniment of pain; that it does not appear prior to the accident.

It is the contention of the appellant that "the present hernia is one of two things: (1) It was caused by the operation; or, (2) it was permanent partial disability

resulting after the operation and need not have come on suddenly."

The assignments of error are as follows:

(1) "That the Industrial Commission erred in holding upon all the evidence in this case that the claimant is not entitled to further compensation."

(2) "That the Industrial Commission erred in holding that the recurrence of hernia must develop suddenly and not come on gradually."

The question involved is one of fact. Section 61 of the workmen's compensation law provides that the award of the Commission shall be conclusive and binding as to all questions of fact.

[2] In *Stonega C. & C. Co.* v. *Sutherland,* 136 Va. 489, 118 S. E. 133, Burks, J., said: "In the absence of fraud the finding of fact by the Commission is not subject to review. It is the sole judge of the facts established by the evidence, and neither evidence adduced before it nor any other evidence can be introduced to impeach or qualify the facts found by it. *    *    *. The legislature has provided a disinterested and competent tribunal to ascertain the facts, and has declared that its findings of fact shall be conclusive and binding."

In the petition for an appeal there is no allegation of fraud; therefore, under the mandatory provisions of the act, this court accepts as conclusive the findings of fact certified by the Commission.

[3] The Commission, after two hearings, has found that the present hernia from which appellant is suffering was not caused by the operation seeking a cure of the original hernia. It has also found as a fact that the permanent partial disability now suffered by appellant has developed gradually, and that there is no causal connection between the present hernia and the

original accident. Having thus found, "this finding is 'conclusive and binding' unless obtained by fraud, or contradicted by and inconsistent with other findings of facts in the case." *Stonega Case, supra.*

Neither of the elements above set forth appearing, we are of the opinion that there is no error in the judgment complained of and it will be affirmed.

*Affirmed.*