# Richmond

W. H. Berry v. F. S. Royster Guano Company, Employer, and Fidelity and Guaranty Company of New York, Insurer.

November 16, 1933.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*George S. Harnsberger* and *Philip Williams,* for the appellant.

*J. C. Kidd* and *Walton & Walton,* for the appellees.

CAMPBELL, C. J., delivered the opinion of the court.

This is an appeal from an order of the Industrial Commission denying compensation to the appellant. All the evidence taken before the Commission is embodied in the record, and the following facts appear:

Prior to and at the time of the alleged accident, appellant was employed by the Guano Company as a traveling salesman. While in the course of his employment he slipped and fell on an incline between a customer's warehouses, striking his head, and as a result of the fall was rendered unconscious for a short period of time. Upon regaining consciousness, appellant sat down upon a bag of seed and "rested;" he then got in his automobile and drove to his home in Harrisonburg, a distance of approximately forty miles. The next day he was very dizzy. On the following Monday he was so dizzy he could not attend to his usual business affairs, and later in the day he became unconscious. On Wednesday, though indisposed, he worked in his garden; he suffered from dizziness on Thursday and on Friday was paralyzed on the right side, including paralysis of the vocal chords. Though apparently in good health and able to attend to his duties, appellant had for a period of eighteen months prior to the accident been subject to "spells of dizziness" and had been under the treatment of a doctor, for high blood pressure, at one time his blood attaining the count of 188, but usually when examined it registered about 160, his age at

the time being fifty-five years. Since the accident appellant has been incapacitated from performing his usual duties. No written report of the accident was made to the employer, nor was any claim made that the fall produced the paralysis, until several months afterwards, when the services of appellant were dispensed with by the Guano Company. In the interim between his fall and his release, appellant was carried upon the company's payroll.

At the hearing before the Commission, Dr. Wine, appellant's physician, under whose care he had been for eighteen months, after giving a history of appellant's case, stated that while he would not commit himself to the proposition that the fall caused the paralysis, he was of opinion that "it certainly was a contributing cause."

Upon conflicting evidence this court has held that proof of aggravation of a pre-existing condition is a sufficient basis upon which the Commission is empowered to found an award for compensation. *Crews* v. *Moseley Brothers,* 148 Va. 125, 138 S. E. 494.

On the other hand, the uniform holding of the court has been that upon conflicting evidence, in the absence of fraud, the judgment of the Commission denying compensation will not be disturbed. *Stonega Coke and Coal Company* v. *Sutherland,* 136 Va. 489, 118 S. E. 133; *National Surety Company* v. *Rountree,* 152 Va. 150, 147 S. E. 537.

In the case at bar there is a direct conflict in the evidence. Dr. Ford, testifying for the employer as an expert witness, states that in his opinion, based upon the hypothetical question propounded (which we think fully covered the facts of the case), the fall of appellant was neither the proximate nor an aggravating cause of the paralysis, but that it followed as a result of the incipient disease.

In resolving the conflict of evidence in favor of the employer, the Commission rendered the following opinion:

*"Findings of Fact.*

"A preponderance of the evidence does not show a causal connection between the accident and the disability alleged.

"The testimony is so conflicting that an award favoring the claimant's theory of the case would be subject to the objection that the same was based upon surmise or conjecture."

Appellant contends that the alleged findings of fact does not meet the requirements of section 59 of the Workmen's Compensation Act (Laws 1918, ch. 400). That section provides in part that:

"The award, together with a statement of the findings of fact, rulings of law and other matters pertinent to the questions at issue shall be filed with the record of the proceedings. * * *"

In the *Stonega Case, supra,* it is held that the Commission is not required to state the evidence on which it bases its findings of fact, but that it is the better practice to do so. See *Scott* v. *Willis,* 150 Va. 260, 142 S. E. 400, which discusses the certification of the evidence.

While we do not approve of the terse statement of the Commission, yet, in view of the fact that all the evidence is embodied in the record, that there is a material conflict in the evidence, and that the Commission has resolved that conflict against appellant, we are of opinion that the action of the Commission does not constitute reversible error.

*Affirmed.*