# Staunton

JESSE BLAIR V. BUCHANAN COAL CORPORATION.

September 9, 1938.

Present, All the Justices.

The opinion states the case.

*S. H. & Geo. C. Sutherland,* for the appellant.

*H. Claude Pobst,* for the appellee.

BROWNING, J., delivered the opinion of the court.

This is an appeal from a decision of the Industrial Commission of Virginia, which dismissed the claim of the appellant, Jesse Blair, for further compensation, on account of disabilities alleged to be due to an accident. This decision was rendered on June 14, 1937, and the accident occurred on April 27, 1936.

All that we know about the accident is found in the findings of fact made by the commission, which states that the employer's first report of the accident indicated that the claimant was moving bone when his foot slipped and he wrenched his back. The attending physician for the employer reported that "there was a sacroiliac strain on right and a right hernia about the size of a walnut on right side of scar of old hernia operation."

The claimant was paid compensation for 19-5/7 weeks, amounting to $152.78, for temporary total disability from the date of the accident to September 11, 1936. The commission noted in its findings that in accordance with the judgment of the attending physician the claimant's disability terminated on August 2, 1936, but that he demurred to signing final settlement receipts on that basis, contend-

ing that he was still disabled, and that the employer made the concession of compensation payments to September 11, 1936.

The matter appeared then to have been ended. In December, 1936, however, the claimant was examined by Dr. M. D. Flanary, in the city of Pikeville, Kentucky. The deposition of this doctor was taken on March 2, 1937, and on April 15, 1937, the claim was described by the commission, in its findings of fact, as being reopened under the provisions of the Virginia Workmen's Compensation Act, section 1887, subsection 47. It will be noted that that section is applicable only on the ground of a change in the condition of the claimant.

Claimant testified upon the hearing that his condition at that time was the same as it was in September, 1936, when the settlement was had. Strictly speaking, this would justify the conclusion of the commission. At the hearing the important testimony was had from two doctors, one, Dr. Flanary, already referred to, who examined the claimant more than seven months after the accident, who did not attempt to attribute the claimant's condition to a definite and exact cause. He described the atrophy from which the claimant was suffering as probably being due to "some nerve injury that we could not know anything about." His testimony falls far short of the convincingness of proof.

It developed that the claimant had undergone an operation for hernia in 1930, and that he had varicose veins in each of his legs, and that he had low blood pressure. Neither the latter ailments nor, of course, the hernia of 1930 had any connection with the accident of April, 1936.

Dr. James P. Williams, who operates a hospital in the town of Richlands in connection with his father, Dr. W. R. Williams, testified that in his opinion the muscle atrophy of which the claimant complained was not caused by the injury. He said there were three kinds of muscle atrophy, that which came from the nerves and from the spinal cord and from toxic condition. He practically eliminated all three as causes of the conditions complained of. He saw

the claimant immediately after the accident. He was a patient in his hospital and he operated upon him on May 4, 1936, for an enlargement below the old hernia scar. He made an X-ray examination of the patient, which Dr. Flanary did not do, and he said that the X-ray did not show the conditions which Dr. Flanary had described as being present.

The evidence is certainly sufficient to sustain the findings of the commission.

We have held that under the provisions of the Virginia statute on workmen's compensation this court is bound by the findings of fact by the Industrial Commission, Code 1936, section 1887(61) ; *Scott County School Board* v. *Carter,* 156 Va. 815, 159 S. E. 115, 83 A. L. R. 229.

In the case of *Berry* v. *Royster Guano Co.,* 161 Va. 442, 171 S. E. 519, 520, we said: "On the other hand, the uniform holding of the court has been that upon conflicting evidence, in the absence of fraud, the judgment of the commission denying compensation will not be disturbed." *Stonega Coke and Coal Co.* v. *Sutherland,* 136 Va. 489, 118 S. E. 133; *National Surety Co.* v. *Rountree,* 152 Va. 150, 147 S. E. 537.

We find no error in the decision and award of the Industrial Commission and, therefore, we affirm the same.

*Affirmed.*