## Staunton

### J. A. Jones Construction Company and Aetna Casualty and Surety Company v. George L. Martin

September 4, 1956.

Record No. 4565.

Present, All the Justices.

The opinion states the case.

*John B. Spiers, Jr. (Spiers & Spiers,* on brief), for the appellants.

*Ernest W. Ballou (W. R. L. Craft, Jr., W. G. McGhee,* on brief), for the appellee.

EGGLESTON, J., delivered the opinion of the Court.

On January 10, 1953, George L. Martin, hereinafter referred to as the claimant, who was employed by J. A. Jones Construction Company as an ironworker at Radford, Virginia, suffered an injury to his back in the course of his employment. The injury was first diagnosed as a strained back, but was later found to be a "herniated nucleus pulposus" or ruptured disc. The condition was corrected by an operation performed by Dr. Edgar N. Weaver at a Roanoke hospital on April 11, 1953. Dr. Weaver's report of July 17, 1953, to the insurance carrier stated that claimant's "postoperative course was smooth," that he was discharged from the hospital on April 18, and after a checkup on May 18 was told that he "had fully recovered and was advised to return to work."

Claimant returned to work for the same employer on May 25 and was assigned to "light work" at his previous regular average weekly wage of $104. He continued at such work until January 15, 1954, when his employment was terminated because of "a reduction in force."

In the meanwhile, pursuant to an agreement approved by the Commission, claimant was awarded compensation of $25 a week for temporary total disability ending on the date he returned to work.

The claimant filed application for a review of the award on the ground of "a change in condition" under Code, §65-95.[1] The employer and insurance carrier defended on the grounds that (1) The application had not been filed within the time required by the section, and (2) There had been no change in claimant's condition since the date of the last payment of compensation pursuant to the previous award.

---

[1] Sec. 65-95. *"Review of award on change of condition.*—Upon its own motion before judicial determination or upon the application of any party in interest, on the ground of a change in condition, the Industrial Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this Act, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys paid but no such review shall be made after twelve months from the date of the last payment of compensation pursuant to an award under this Act."

The hearing commissioner filed a written opinion holding that the claim for additional compensation "was reopened as of March 5, 1954," and that claimant was suffering from a "general partial disability which prevents him from engaging in heavy work." Accordingly, additional compensation was awarded. Upon review the full Commission affirmed the award and the employer and insurance carrier have appealed. They make the same contentions before us as they asserted before the Commission.

We agree with the Commission that claimant made a sufficient and timely application for review. The pertinent facts are not in dispute. On March 4, 1954, claimant wrote the Commission:

"I was off from work for a while last year due to an injury. When I went back to work I was put on light work. I worked until Jan. 15, 1954 and was laid off. The Dr. won't let me go back to work at any other job. He said my back wouldn't stand heavy work. The Dr. is Edgar N. Weaver in Roanoke, Va.

"I have had to turn down two jobs on account of my back.

"Please let me hear from you about this."

The Commission forwarded a copy of this letter to the insurance carrier which replied that it felt that claimant "is able to work and is simply asking for relief because he has been terminated." Accordingly, the carrier said, "we do not voluntarily expect to pay additional compensation in this case."

On March 15 the Commission wrote claimant of the attitude of the insurance carrier and enclosed an application blank for a hearing which claimant was told should be filled out and returned to the Commission. This letter further said: "Your right to additional compensation would be considered as of March 5th, the date your letter was received by the Commission." A copy of this letter from the Commission to claimant was sent to the insurance carrier.

Claimant failed to comply promptly with the suggestion of the Commission that he fill out and file with it a formal application for a hearing, and on June 10 and July 1 the Commission again wrote him that he should do so. Copies of these letters were also sent to the insurance carrier.

Finally, on November 1, 1954, claimant filed with the Commission a formal application for a hearing on his claim for additional compensation, alleging that because of the accident on January 10, 1953, he had sustained a permanent spinal injury and was "unable to follow any gainful occupation."

In the answer filed on January 8, 1955, for the first time the contention was made that the application for review had not been filed in time.

It is true that application on the prescribed form was not filed until November 1, 1954, which was more than twelve months after the date of the last payment of compensation, May 25, 1953. But claimant's letter of March 4, 1954, received by the Commission on the following day, referred to his accidental injury, to the fact that he was incapacitated thereby to the extent that he could not do heavy work, and that because of his disability he had been denied employment.

It is quite clear from what has been said that the claimant, the employer, the insurance carrier and the Commission treated this letter as a sufficient and timely application for a review of the previous award. We hold that under the circumstances it was. See *Wise Coal & Coke Co.* v. *Roberts,* 157 Va. 782, 788, 161 S. E. 911.

The appellants' next contention is that "a change in condition" which warrants a review of the former award under section 65-95 means an actual change in the physical condition of claimant; that under the evidence adduced there was no showing of such change and hence there was no basis for a review of the award.

In an application for a review of an award on the ground of a change in condition, under section 65-95, the burden is on the party alleging such change to prove his allegation by a preponderance of the evidence. *Wise Coal & Coke Co.* v. *Roberts, supra,* 157 Va., at page 789; *J. A. Foust Coal Co.* v. *Messer,* 195 Va. 762, 765, 80 S. E. 2d 533, 535; *Virginia Oak Flooring Co.* v. *Chrisley,* 195 Va. 850, 852, 80 S. E. 2d 537, 538.

In the present case the Commission did not decide whether the evidence showed that there had been a change in the physical condition of claimant since the date of the previous award. But the clear implication from its written opinion is that there was no such showing, and such is the inescapable effect of claimant's own testimony.

The claimant testified that after the accident of January 10, 1953, and the corrective operation by Dr. Weaver on April 11, he was not able to resume his strenuous duties as an ironworker but could do only "light work." He said that when he returned to work for Jones Construction Company on May 25 he was assigned "to light work" and continued with such until the termination of his employment on

January 15, 1954. His foreman, O. H. Farmer, testified to the same effect.

The claimant further testified that from April 20 to August 20, 1954, he was employed as an ironworker at Bluefield, Virginia, but was allowed to perform only "light work." Again, he said that from September 7 to 10, 1954, he was employed as a riveter by the Tennessee Valley Authority but that his employment there was terminated when it was found that he should not lift any weight in excess of 35 pounds.

On direct examination he testified as follows:

"Q. Is that (light work) the only type of work you have been able to do since the date of your injury? A. Yes, sir, light work is all."

On redirect examination he testified thus:

Q. Mr. Martin, just explain briefly, the only work you have ever been able to do since you were operated on for this injury has been light work, is that right? A. That's right.

"Q. And is that the only work you have done? A. Yes, sir."

This testimony of claimant is, of course, binding on him. *Wise Coal & Coke Co.* v. *Roberts, supra,* 157 Va., at page 789; *Blair* v. *Buchanan Coal Corp.,* 171 Va. 102, 104, 198 S. E. 491, 492.

The only evidence which tends to support the view that there was a change in claimant's physical condition subsequent to the former award is found in the reports of Dr. Weaver. As has been said, Dr. Weaver reported to the insurance carrier on July 17, 1953, that claimant had had a good recovery from the operation, that he had been discharged from the hospital on April 18, and that after a checkup on May 18 he had been found to have "fully recovered and was advised to return to work."

On February 15, 1954, Dr. Weaver wrote the employer and insurance carrier that claimant had been to see him on February 2, "stating that he is unable to perform his duties as an ironworker. It is my impression that he is able to perform light duties, but I do not feel that he is physically able to do the heavy type of work which he had been accustomed to doing as an ironworker before his recent spinal operation." It is significant that in this report there is no suggestion that there had been any change in claimant's condition since the physician's previous report of July 17, 1953.

On July 30, 1954, Dr. Weaver reported to the insurance carrier that he had examined claimant on July 28, and that "It is my impres-

sion that this patient has recovered satisfactorily from his operation and is able to return to his usual duties." However, on October 5, Dr. Weaver reported to the insurance carrier that he had again examined claimant on September 20 and that in view of claimant's experience with the Tennessee Valley Authority he (Dr. Weaver) desired to modify his report of July 30 and had reached the conclusion that claimant was not then, and would never be, able to do the type of work that he was doing before his injury. He recommended that claimant "be given 15% total disability to the body as a whole."

It will be observed that none of these reports shows any change in claimant's actual condition. They merely show that Dr. Weaver had changed his opinion as expressed in his report of July 17, 1953, that claimant "had fully recovered" and was then able to return to his usual work, and that as the result of his further examinations the physician had finally concluded that claimant was, and had been since the accident, permanently partially disabled.

A change in condition means an actual change in the condition of the injured employee and not a mere change in the opinion of the medical expert as to the employee's pre-existing condition. *Indian Territory Ill. Co. v. State Industrial Commission,* 185 Okl. 72, 90 P. 2d 398, 400. See also, *Allen v. Mottley Construction Co.,* 160 Va. 875, 880, 170 S. E. 412.

As was aptly said in *Hartford Accident & Indemnity Co. v. Carroll,* 75 Ga. App. 437, 43 S. E. 2d 722, 728, " 'A change in condition means a different condition from that existent when the award was made; and a continued incapacity of the same kind and character, and for the same injury, is not a change in condition.' " See also, 71 C. J., Workmen's Compensation Acts, § 1399, p. 1439, and cases there cited.

The Commission held in its opinion in the present case that while under its former decisions it had decided that "a change in condition" means a change in the actual physical condition of the injured employee, upon further consideration it had reached the conclusion that such view was erroneous. It held that the change referred to in the statute was not so restricted, but included "any change in the conditions under which the original award was entered or terminated which would affect the right to, or amount and duration of, compensation." Hence, it concluded that the termination of claimant's employment under the circumstances stated, that is, because of the employer's "reduction in force," was a change in condition which

warranted a review of the previous award. We do not agree with that holding.

The Commission correctly pointed out in its opinion that the precise question, whether a change in condition should be restricted to an actual change in the physical condition of the injured employee, had never been decided by this court. But there are strong indications in our prior decisions that the statute should be so interpreted.

In *Wise Coal & Coke Co.* v. *Roberts, supra,* 157 Va., at page 788, decided in 1932, we said that section 47 of the Workmen's Compensation Act (now Code, § 65-95) "adds only one ground for the reopening of an award made by the Commission, i.e., a change in condition of the injured party."

In *Allen* v. *Mottley Construction Co., supra,* 160 Va., at page 879, decided in 1933, we quoted with approval the holding of the Commission in *Rowles* v. *Lynchburg Tobacco Warehouse Co.,* 15 O. I. C. 66, that this section " 'applies to an actual change in physical condition.' "

Again, in *Blair* v. *Buchanan Coal Corp., supra,* 171 Va., at page 104, decided in 1938, we said: "It will be noted that that section (now Code, § 65-95) is applicable only on the ground of a change in the condition of the claimant."

Moreover, in the past, the Commission has consistently held that a change in condition under section 65-95 relates only to some actual change in the physical condition of the injured employee. See *Mitchell* v. *Friedman-Marks Clothing Co.,* 21 O. I. C. 115 (1939); *Smith* v. *City of Newport News,* 23 O. I. C. 276 (1941); *Berry* v. *Peerless Coal Corp.,* 25 O. I. C. 599 (1943); *Crotty* v. *Celanese Corp.,* 28 O. I. C. 249 (1946); *Newton* v. *Benedict Coal Corp,* 28 O. I. C. 314 (1946).

In the present case the Commission based its holding on two decisions of the Indiana Court of Appeals, *Homan* v. *Belleville Lumber & Supply Co.,* 104 Ind. App. 96, 8 N. E. 2d 127, and *Swift & Co.* v. *Neal,* 106 Ind. App. 139, 18 N. E. 2d 491. In these cases the Indiana court held that it had departed from its former holding that a change in condition was limited to an actual change in the physical condition of the injured employee and had concluded that the term included other changes as well. There were strong dissents in both cases.

But the facts in the two Indiana cases are quite different from those in the case now before us. In the *Homan* case, *supra,* an

employee had been killed in a collision between an automobile which he was driving and a train. The widow of the employee, with the approval of the probate court, accepted $500 from the railway company and executed a release of all claims against the company, the effect of which barred her and the other dependents of the deceased employee from benefits under the workmen's compensation act. Subsequently the widow returned the amount paid her and procured a cancellation of the release which she had executed. The court held that the return of the consideration and the cancellation of the release constituted "a change in conditions" which warranted a review of the order of the commission denying compensation.

In the *Swift & Company* case, *supra*, the court held that the refusal of the employer and insurance carrier to furnish continued medical treatment to an injured employee, under the terms of an award, was "a change in conditions" which warranted a review of the award.

Many of the states, by statutory enactment, have extended the power of reopening an award to include other changes than a change in the physical condition of the injured employee. Larson on Workmen's Compensation Law, Vol. 2, § 81.52, p. 337. But in those states where the provisions are similar to our Code, § 65-95, the courts generally hold that a change in condition means "a change in the physical condition of the employee affecting his earning capacity." 71 C. J., Workmen's Compensation Acts, § 1399, pp. 1439-1440. See also, Larson on Workmen's Compensation Law, Vol. 2, § 81.31, p. 333.

Section 22 of the Longshoremen's and Harbor Workers' Compensation Act of 1927, 44 Stat. 1437, 33 U. S. C. A., § 922, contains a provision for the reopening of an award for "change in conditions." In construing this section the federal courts have uniformly held that this means a change in the employee's physical condition and no other conditions. See *McCormick S. S. Co.* v. *U. S. Employees' Compensation Com.*, 9th Cir., 64 F. 2d 84, 86; *Pillsbury* v. *Alaska Packers Ass'n.*, 9th Cir., 85 F. 2d 758, 760; *Burley Welding Works* v. *Lawson*, 5th Cir., 141 F. 2d 964, 966.

In *McCormick S. S. Co.* v. *U. S. Employees' Compensation Com.*, *supra*, this pertinent language was used: "It is not the object of the act to create an unemployment insurance for those who have been injured, but merely to compensate for decrease in earning capacity due to the injury." 64 F. 2d, at page 86.

We have been pointed to no decision, nor have we been able

to find any, which supports the holding of the Commission in the present case that the termination of the employment of the injured employee because of a "reduction in force" constitutes a change in condition which warrants a review of a previous award of compensation benefits. That view was expressly repudiated in *Travelers' Ins. Co.* v. *Hurt*, 176 Ga. 153, 167 S. E. 175, where it was said that, "The fact that * * * the injured employee was discharged from his employment, and, as a result of his physical condition which had not changed but which was due to the injury sustained, is unable to obtain employment, would not bring the case within the provisions" of the statute providing for a review of the award for "a change in condition." 167 S. E., at page 176.

We have repeatedly held that the provisions of the Workmen's Compensation Act are to be liberally construed. But to affirm the holding of the Commission in the present case would be to go beyond the object of the Workmen's Compensation Act and engraft on it a provision for unemployment insurance.

It is presumed that the General Assembly has been familiar with this court's interpretation and the Commission's past interpretation and administrative application of section 65-95. Yet there has been no amendment to the section to incorporate therein the change which the holding of the Commission in the present case would effect in the law. If such change be desirable it should be effected by legislative enactment and not by judicial decree.

For these reasons the award of the Commission is reversed and claimant's application for a review of the previous award is dismissed.

*Reversed and dismissed.*