COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Bray
Argued at Norfolk, Virginia


SUFFOLK PUBLIC SCHOOLS

v.         Record No. 2206-94-1      MEMORANDUM OPINION[*] BY
                                     JUDGE JERE M. H. WILLIS, JR.
GOLDIE L. SCOGGINS                         AUGUST 8, 1995


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Colleen Treacy Dickerson (George J.
        Dancigers; Heilig, McKenry, Fraim & Lollar,
        on brief), for appellant.

        Arnold H. Abrons (Abrons, Fasanaro &
        Sceviour, on brief), for appellee.



        Suffolk Public Schools (Suffolk) appeals the decision of the

Workers' Compensation Commission finding Suffolk failed to prove

a change in condition of Goldie Scoggins.  Suffolk contends (1)

that no credible evidence supports the commission's finding that

Scoggins is unable to return to her pre-injury employment, and

(2) that the award of temporary total disability benefits from

December 4, 1993 and continuing should have been terminated.  We

find no error and affirm.

        Suffolk employed Scoggins as an elementary school teacher.

On December 2, 1987, she sustained a compensable injury when she

slipped on a waxed floor in the school.  She receives disability

benefits under the Virginia Retirement System.

        On December 13, 1993, Suffolk filed a change in condition

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

application alleging that Scoggins could return to her pre-injury employment as of December 3, 1993 and seeking suspension of the February 5, 1993 award of temporary total disability benefits. Suffolk based its application on the medical opinions of Dr. Devereaux, an orthopaedic surgeon, and Dr. Schinco, a neurosurgeon.

The deputy commissioner denied Suffolk's claim, finding that Suffolk had not proved by a preponderance of the evidence that Scoggins was capable of returning to her pre-injury employment. Even though the deputy commissioner found the medical opinions of Drs. Devereaux and Schinco credible, he found that the opinion of Dr. Deaton, Scoggins' treating physician, was entitled to greater weight. Harding v. Mother Goose, Inc., 57 O.I.C. 159 (1977). The full commission affirmed the opinion of the deputy.

"In an application for review of an award on the ground of a change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence." Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986) (citing J.A. Jones Constr. Co. v. Martin, 198 Va. 370, 373, 94 S.E.2d 202, 204 (1956)). Where conflicting medical opinions exist, the general rule is that greater weight will be accorded the opinion of the treating physician when he is positive in his diagnosis. Id. at 439, 339 S.E.2d at 572 (citations omitted).

Citing Russell v. Wright Mining Co., 49 O.I.C. 284 (1967),

Suffolk argues that the medical reports of Dr. Devereaux and Dr. Schinco should be accorded greater weight than Dr. Deaton's opinion because they are specialists in the field of orthopaedics and neurology, whereas Dr. Deaton is a general practitioner. In Russell, the commission gave greater weight to the medical opinions of two specialists stating, "[t]he medical opinions of general practitioners offered by claimants fall far short of overcoming the contrary view put forth by several well recognized and eminently qualified specialists." Id. at 290. Dr. Devereaux and Dr. Schinco examined Scoggins and reviewed her medical records. They both found that she had fully recovered and was capable of returning to her pre-injury employment without limitation.

Scoggins' treating physician, Dr. Deaton, who has been treating her since the day of the accident, disagreed. In his February 21, 1994 report, he stated, "she continues in chronic lumbar sacral muscle spasm and she is not expected to recover from same." In October, 1989, he referred her to Dr. Floyd, a chiropractor, for lumbosacral intervertebral disc syndrome. Dr. Floyd has been treating her continuously since that time. In his August, 1993 report, Dr. Floyd stated that she continues to complain of back, left hip and leg pain as well as numbness in her left foot. Both doctors found her unable to return to her pre-injury work.

"Given this conflict of medical expert opinions, it is for

the Commission to determine the probative weight to be accorded such evidence." Pilot, 1 Va. App. at 439, 339 S.E.2d at 572. The commission resolved this conflict in favor of Scoggins based on the credible evidence provided by Dr. Deaton and Dr. Floyd. The commission took note of the opposing opinions but put greater weight on Dr. Deaton's and Dr. Floyd's opinions because of the length of time and regularity with which they have been treating Scoggins.

On review, we view the evidence in the light most favorable to the party prevailing below. Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986). "[T]he commission's findings of fact must be upheld when supported by credible evidence." Billy v. Lopez, 17 Va. App. 1, 3-4, 434 S.E.2d 908, 910 (1993) (citing James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488-89 (1989)). The commission's finding that Suffolk failed to prove a change in Scoggins' condition is supported by credible evidence and is binding on appeal. Id.

The judgment of the commission is affirmed.

Affirmed.