COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Annunziata and
          Senior Judge Duff
Argued at Alexandria, Virginia


EWC CONSTRUCTION, ET AL.

v.          Record No.  1474-95-4     MEMORANDUM OPINION[*] BY
                                     JUDGE ROSEMARIE ANNUNZIATA
KENNETH ARNOLD PAYNE                       MARCH 12, 1996


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          William C. Walker (Bradford C. Jacob; Taylor
          & Walker, P.C., on brief), for appellants.

          Edward P. Cuccias for appellee.



     On September 7, 1993, Kenneth Payne ("claimant") suffered an

accidental injury arising out of and in the course of his

employment with EWC Construction ("employer").  Employer accepted

claimant's claim as compensable and paid him benefits for total

incapacity from September 14 through September 29, 1993 pursuant

to an award entered February 11, 1994.  On December 1, 1994,

claimant filed an application for hearing alleging a change in

condition and seeking reinstatement of compensation for total

incapacity beginning April 15, 1994.  The deputy commissioner

entered an award for claimant which the full commission affirmed.

 On appeal, employer contends the commission erred in concluding

that claimant was not required to prove that he had reasonably

marketed his residual work capacity.  We disagree, and, for the

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

reasons that follow, affirm.

## BACKGROUND

Claimant worked as a bricklayer for twenty-two years.  On September 7, 1993, he suffered a back injury while working for employer.  Claimant received treatment from Dr. W. Bartley Hosick who ordered claimant not to work for two or three weeks.  Employer accepted claimant's claim as compensable and paid him benefits for total incapacity from September 14 through September 29, 1993 pursuant to an award entered February 11, 1994.  Claimant returned to work for employer, but he could work only part-time due to his back pain.

Claimant continued to see Dr. Hosick who noted claimant's continuing symptoms which were unexplained by an early 1994 bone scan.  Dr. Hosick eventually diagnosed claimant's condition as a chronic lumbar strain.  Because of claimant's symptoms and Dr. Hosick's belief that claimant suffered a significant muscular ligamentous injury to the lower back, Dr. Hosick ordered claimant to stop working in mid-April 1994 and referred him to a work hardening program.  At that time, employer began paying claimant compensation for his total incapacity to work.  However, employer failed to file a memorandum of agreement reflecting its payments.

Claimant's work hardening continued from April 15 to May 27, 1994 but was discontinued because claimant's condition failed to improve.  An MRI conducted at that time failed to identify the

source of claimant's continuing problem.  Dr. Hosick referred claimant to a spine specialist for evaluation and recommended that claimant return to work on "a limited capacity" basis if the spine specialist found no further treatment was necessary.

Dr. Neal Kahanovitz evaluated claimant on July 25, 1994 and found no neurological or structural abnormalities.  Concluding that no further treatment was indicated, Dr. Kahanovitz found that claimant could return to work on a "medium lifting capacity" basis.  Claimant did not return to work.  However, employer continued paying him total incapacity benefits until October 7, 1994.

After employer ceased paying benefits, claimant filed an application alleging a change in condition beginning April 15, 1994, the day on which he stopped working.  The deputy commissioner found that employer had accepted claimant's change in condition when it reinstated benefits in April 1994.  Because employer continued to pay claimant benefits without filing a supplemental memorandum of agreement, the deputy commissioner, applying National Linen Service v. McGuinn, 5 Va. App. 265, 362 S.E.2d 187 (1987), placed the burden of proving a subsequent change in condition on employer.  The deputy commissioner concluded that employer, who did not appear at the hearing, had not shown such a change in condition and awarded claimant total incapacity benefits commencing April 15, 1994.[1]  The full

---

[1]     The award provided employer a credit for the payments it had voluntarily made.

commission affirmed, finding that there was no disagreement that claimant was totally disabled beginning April 15, 1994. The commission concluded that claimant's condition had changed, employer was aware of the change, employer participated in the change, and employer had an obligation under Code § 65.2-701 to file a memorandum of agreement reflecting that a change occurred.

## ANALYSIS

> Under Code § 65.2-708,
> upon the application of any party in interest, on the ground of a change in condition, the Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded.

The party alleging a change of condition has the burden of proving the allegation by a preponderance of the evidence. See Jones Construction Co. v. Martin, 198 Va. 370, 373, 94 S.E.2d 202, 204 (1956); Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986).

Generally, partially disabled claimants seeking an award for total incapacity, whether on initial application or on application for change of condition, must prove that they have made a reasonable effort to market their residual work capacity. See, e.g., Washington Metropolitan Area Transit Authority v. Harrison, 228 Va. 598, 601, 324 S.E.2d 654, 654-55 (1985); cf. Georgia Pacific Corp. v. Dancy, 17 Va. App. 128, 134, 435 S.E.2d 898, 901-02 (1993) (totally disabled claimants seeking award for total incapacity not required to prove they made a reasonable

- 4 -

effort to market their residual capacity); National Linen Service v. McGuinn, 5 Va. App. 265, 271, 362 S.E.2d 187, 190 (1987) (en banc) (same).  Conversely, once a claimant receives benefits pursuant to an award for total incapacity, the employer bears the burden of showing a change in condition when the claimant's condition improves.  See Foust Coal Co. v. Messer, 195 Va. 762, 768, 80 S.E.2d 533, 537 (1954); McGuinn, 5 Va. App. at 270, 362 S.E.2d at 189-90.  In such a case, the employer must prove "a change as would enable [claimant] at least to do some kind of selective work within his then capacity."  Messer, 195 Va. at 768, 80 S.E.2d at 537; see also McGuinn, 5 Va. App. at 270, 362 S.E.2d at 190 (employer must introduce evidence that claimant either able to return to regular employment or had been offered or provided selective employment within his capacity).

Here, claimant filed an application alleging a change in condition as of April 15, 1994, the day his doctor ordered him to stop working.  Employer does not dispute that claimant was totally incapacitated from work as of that date and that claimant's condition had changed.[2]  Indeed, employer concedes that it owed claimant compensation during the six weeks he engaged in work hardening, and it had, in fact, resumed payment of total incapacity benefits on April 15.  For these reasons, we

---

[2]    Since claimant was totally incapacitated as of April 15, he was not required to establish that he had made a reasonable effort to market his residual work capacity to meet his burden of proving a change in condition on that date.

find the evidence clearly supports the commission's finding that claimant underwent a change of condition on April 15.  By statute, the burden was thereafter on employer to prove any subsequent change in claimant's condition.

Employer attempts to escape this result by arguing that by the time claimant filed his application, in December 1994, claimant was only partially disabled and was, therefore, required to establish that he had made a reasonable effort to market his residual work capacity.  Employer's argument is flawed in three major respects.

First, claimant's application was based on a change of condition alleged to have occurred on April 15, 1994.  As discussed above, the parties did not dispute that claimant was totally incapacitated as of April 15.

Second, employer's argument assumes a finding of fact the commission never made, viz., that claimant was only partially disabled.  The issue before the commission was whether claimant established a change of condition as of April 15 which entitled him to total incapacity benefits, not whether claimant's condition had improved by some later date.

Finally, but for employer's failure to file a memorandum of agreement as required by Code § 65.2-701,[3] reflecting its payment

_____

[3]    Code § 65.2-701 provides, in part:

> [i]f after injury . . . the employer and the
> injured employee . . . reach an agreement in

- 6 -

of total incapacity benefits to claimant beginning April 15, an award based on total incapacity would have been entered in claimant's behalf contemporaneous with his April 15 change in condition.[4] Had such an award been entered, "employer would have been obligated to honor the award" until it established a subsequent change of condition. McGuinn, 5 Va. App. at 270, 362 S.E.2d at 189; see also Messer, 195 Va. at 768, 80 S.E.2d at 537; Martin, 198 Va. at 373, 94 S.E.2d at 204; Reeves, 1 Va. App. at

(..continued)

> regard to compensation or in compromise of a claim for compensation under this title, a memorandum of the agreement in the form prescribed by the Commission shall be filed with the Commission for approval. The agreement may be prepared by the employee, the employer or the compensation carrier.
>
>  . . . Nothing herein contained shall be construed so as to prevent settlements made by and between the employee and employer, but rather to encourage them . . . . A copy of such settlement agreement shall be filed with the Commission by the employer.

[4] Based on the undisputed finding that claimant underwent a change of condition rendering him totally incapacitated, had employer properly filed a memorandum of agreement, the commission clearly would have entered an award in claimant's behalf. See McGuinn, 5 Va. App. at 270, 362 S.E.2d at 189.

438–39, 399 S.E.2d at 572. Employer's failure to file a memorandum of agreement violated the statute, and it cannot use its failure to comply with the statute as a means of circumventing the burden it would otherwise face. See McGuinn, 5 Va. App. at 270, 362 S.E.2d at 189–90 ("To hold otherwise would be to allow an employer or its carrier to unilaterally violate the clear requirements of § [65.2–701] and thereby frustrate the purpose behind that statute.").

Employer argues that the result claimant urges and which we reach here will discourage employers from making voluntary payments to settle claims and that the result therefore undermines the purposes of the Act. Indeed, the Act encourages voluntary settlement of compensable claims. See Code § 65.2–701(C); McGuinn, 5 Va. App. at 268, 362 S.E.2d at 188. However, the result reached here was caused not by employer's attempt to settle the claim but, rather, by its failure to record the settlement by filing a memorandum of agreement as required by statute. Employer ignores the "equally strong policy that when agreements as to settlements are reached they . . . be memorialized in a memorandum of agreement filed with the commission." See McGuinn, 5 Va. App. at 268, 362 S.E.2d at 188–89. This policy serves the fundamental purpose of the Act: "to protect employees, not to facilitate a deprivation of an employee's rights by an employer who has not complied with the statutory requirements." McGuinn, 5 Va. App. at 270, 362 S.E.2d

at 190 (citation omitted).

Accordingly, the commission's award is affirmed.

<u>Affirmed</u>.
